1  BENJAMIN L. WEBSTER, Bar No. 132230
   BARBARA A. BLACKBURN, Bar No. 253731
2  LITTLER MENDELSON, P.C.
   500 Capitol Mall, Suite 2000
3  Sacramento, CA  95814
   Telephone:    916.830.7200
4  Fax No.:       916.561.0828

5  Attorneys for Defendant
   BCI COCA-COLA BOTTLING COMPANY OF
6  LOS ANGELES (erroneously sued as "COCA-
   COLA REFRESHMENTS USA, INC.")

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10  STANLEY REIF,                          Case No.

11              Plaintiff,                 **NOTICE OF REMOVAL OF CIVIL
                                           ACTION TO FEDERAL COURT UNDER
12       v.                                28 U.S.C. SECTION 1441**

13  COCA-COLA REFRESHMENTS USA,            **[DIVERSITY]**
    INC., a corporation; and DOES 1-100
14  inclusive,

15              Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

Firmwide:123837519.1 074184.1013

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES (erroneously sued as "COCA-COLA REFRESHMENTS USA, INC.") ("BCI" or "Defendant"), a Delaware corporation, removes to this Court the state court action described herein. Defendant removes the captioned action from the Superior Court of the State California in and for the County of San Joaquin. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1441(a) and (b) due to diversity of citizenship between the parties.

In support of the Notice of Removal of Civil Action, Defendant alleges the following:

## I.
## JURISDICTION

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because Plaintiff is a citizen of the State of California and BCI and Coca-Cola Refreshments USA, Inc. ("CCR") are Delaware corporations with their principal places of business in the State of Georgia. The amount in controversy in this action exceeds seventy-five thousand dollars ($75,000).

2. On February 19, 2013, Plaintiff commenced this action by filing a Complaint for Damages ("Complaint") in the Superior Court of the State of California, in and for the County of San Joaquin, entitled "*STANLEY REIF v. COCA-COLA REFRESHMENTS USA, INC., and DOES 1 -100, inclusive,*" designated as Case No. 39-2013-00293917. In Plaintiff's Complaint, he alleges the following causes of action: (1) age discrimination; (2) disability discrimination; (3) failure to engage in interactive process; (4) failure to accommodate; (5) retaliation (medical leave); and (6) failure to prevent discrimination and retaliation. Plaintiff's Complaint seeks the following relief: compensatory, special, and general damages (including lost wages and related benefits, medical expenses, and emotional distress); punitive and/or exemplary damages; attorneys' fees and costs; prejudgment and post-judgment interest; and injunctive and declaratory relief. *See* Complaint, Prayer for Relief, p. 8:1-18. Plaintiff's Complaint did not allege a monetary amount of damages. A true and correct copy of the Complaint is attached to this Notice as **Exhibit A**.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:123837519.1 074184.1013                    2.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

4.       Defendant was served with a copy of Plaintiff's Summons and Complaint on March 6, 2013.  A true and correct copy of the Summons served on Defendant is attached to this Notice as **Exhibit B**.

6.       Defendant filed an Answer to Plaintiff's Complaint in the San Joaquin County Superior Court on March 27, 2013.  A true and correct copy of Defendant's Answer is attached to this Notice as **Exhibit C**.

7.       On April 5, 2013, this case was removed to Federal Court on the basis of diversity jurisdiction.  Plaintiff filed a motion to remand on April 26, 2013, arguing that Defendant had not established that over $75,000 was in controversy in this matter.  On July 29, 2013, the case was remanded to state court by the Honorable John A. Mendez on the grounds that Defendant had not met its burden of establishing by a preponderance of the evidence that more than $75,000 was in controversy.  As set forth below, based on explicit admissions in Plaintiff's recently-served responses to Defendant's interrogatories, the overwhelming weight of the evidence now demonstrates that more than $75,000 is in controversy and this action therefore should proceed in Federal Court.  True and correct copies of pleadings and orders related to the first removal are collectively attached hereto and incorporated herein as **Exhibit D**.

8.       Prior to the first removal, the parties filed a stipulation to substitute Defendant BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES for Defendant COCA-COLA REFRESHMENTS USA, INC, which was signed by the Judge in the San Joaquin County Superior Court on April 5, 2013.  A true and correct copy of the parties' signed stipulation is attached to this Notice as **Exhibit E**.

9.       The San Joaquin County Superior Court scheduled a case management conference on September 25, 2013, but the date was later continued to April 18, 2014.  True and correct copies of notices from the San Joaquin County Superior Court and Plaintiff's counsel related to these scheduled conferences and the parties' case management conference statements are attached hereto as **Exhibit F**.

10.      The documents attached as **Exhibits A, B, C, E,** and **F** constitute all state court process and papers filed in this action.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:123837519.1 074184.1013                           3.

11.     This Notice of Removal is timely as it is being filed with this Court and served within thirty (30) days after the date when Defendant received information unequivocally establishing that the amount in controversy exceeded $75,000 – on October 1, 2013 – and is less than one year after commencement of this action as required under 28 U.S.C. § 1446(b).

9.     Venue is proper in this Court in that this is the Court for the district and division embracing the place where the action is pending in state court. *See* 28 U.S.C. § 1441(a).

## II.
## DIVERSITY OF CITIZENSHIP

10.     Complete diversity exists between the parties because:

(a)     Plaintiff alleges that he was "a resident of the Calaveras County, California . . . [a]t all times relevant herein . . . ." *See* Complaint, ¶ 1, attached as **Exhibit A**. Plaintiff, therefore, is a citizen of the State of California. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled). Plaintiff also listed his current city of residence and his city of residence for the past five years as San Andreas, California, in response to Defendant's discovery requests. Plaintiff's Responses to Defendant's Form Interrogatories – General, Set One (Response to Form Interrogatory No. 2.5), attached as **Exhibit G** to the Declaration of Barbara A. Blackburn ("Blackburn Decl.") ¶ 2.

(b)     BCI and CCR are, at the time the action was commenced in state court, and still are, Delaware corporations whose principal places of business are located in Atlanta, Georgia, and are therefore not citizens of the State of California. Declaration of Gloria K. Bowden ("Bowden Decl.") ¶¶ 3, 5; Complaint, ¶ 1, attached as **Exhibit A**. BCI and CCR's headquarters are located at 1 Coca-Cola Plaza in Atlanta, Georgia. Bowden Decl. ¶¶ 3, 5. BCI lists its Atlanta headquarters as its "principal executive office" in its Statement of Information filed with the California Secretary of State. Bowden Decl. ¶ 3. BCI's corporate officers and principal executives also work from the Atlanta headquarters, including the President and Chief Executive Officer, the Vice President and Chief Financial Officer, the Vice President and General Counsel, the Vice President of Human Resources, the Vice President and General Tax Counsel, the Vice President and

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:123837519.1 074184.1013                    4.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

1    Treasurer, two other Vice Presidents and three Assistant Treasurers, the Corporate Secretary, and the

2    Corporate Assistant Secretary. *Id.*

3              (c)      Most of the corporate-wide decisions relating to BCI and CCR's

4    operations are made from Atlanta. Bowden Decl. ¶¶ 4, 5. The types of corporate decisions made in

5    Atlanta include: decisions regarding corporate policy; decisions regarding the purchase, financing,

6    and leasing of real properties; legal decisions; significant decisions regarding contracts and other

7    purchasing; decisions regarding BCI press releases and public affairs; decisions regarding banking

8    relationships and cash management accounts; decisions regarding payroll (although the payroll

9    department for BCI is itself located in Brandon, Florida); decisions regarding revenue management;

10   decisions regarding safety and security policy-making; and policy decisions regarding advertising

11   and marketing. *Id.*

12             (d)      In *Hertz Corporation v. Friend, et al.*, 559 U.S. 77, 130 S.Ct 1181,

13   1192 (2010), the U.S. Supreme Court adopted exclusively the "nerve center" test for determining

14   corporate citizenship in diversity jurisdiction cases. The Court determined that a corporation's

15   "principal place of business" is the "place where a corporation's officers direct, control, and

16   coordinate the corporation's activities." *Id*; *see also Van Noland v. Pelletier*, 2010 U.S. Dist. LEXIS

17   33554, *6-7 (E.D. Cal. April 6, 2010) (adopting the *Hertz* standard). BCI and CCR's "nerve

18   centers" and, thus, their principal places of business, are located in Atlanta, Georgia. *See Hertz*, 130

19   S. Ct. at 1192. Accordingly, BCI and CCR were, and still are, citizens of Delaware and Georgia.

20   *See Id.*; *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State

21   by which it has been incorporated and of the State where it has its principal place of business").

22             (e)      Plaintiff's Complaint also names as Defendants "Does 1 through 100."

23   Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be

24   disregarded for the purpose of determining diversity jurisdiction.

25             (f)      Plaintiff's April 26, 2013 remand motion did not challenge the

26   removal based upon the citizenship of the parties, nor was Judge Mendez's remand order based on

27   this issue.

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:123837519.1 074184.1013                    5.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

## III.
## AMOUNT IN CONTROVERSY

11.    The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.  The Complaint does not allege a specific dollar amount of damages, therefore Defendant needs to establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum.  *See Valdez v. Allstate Insurance Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  Defendant meets its burden based on the following:

(a)    In response to Defendant's Form Interrogatories – General, Set One, Plaintiff disclosed that he has lost "[a]pproximately $102,875.33" in income as a result of the allegations in his Complaint.  Plaintiff's Responses to Defendant's Form Interrogatories – General, Set One (Response to Form Interrogatory No. 8.7), attached as **Exhibit G** to the Blackburn Decl.  These calculations are based upon Plaintiff's claimed lost income from April 2012 through September 2013.  *Id.*  These responses were verified and served by Plaintiff via regular mail on September 30, 2013.  Blackburn Decl. ¶ 3; Plaintiff's Responses to Defendant's Form Interrogatories – General, Set One (Proof of Service and Verification pages), attached as **Exhibit G** to the Blackburn Decl. Defendant received these responses on October 1, 2013.  Blackburn Decl. ¶ 3.

(b)    Plaintiff's discovery responses also state that he "will continue to lose approximately $6,051.49 per month until he secures new employment."  Plaintiff's Responses to Defendant's Form Interrogatories – General, Set One (Response to Form Interrogatory No. 8.8), attached as **Exhibit G** to the Blackburn Decl.  Accordingly, based upon his verified discovery responses, he has lost an additional $6,051.49 in income for the month of October 2013, which would increase his lost wages to $108,926.82.

(c)    Based upon Plaintiff's verified discovery responses, the amount in controversy in this matter well exceeds the jurisdictional minimum of $75,000.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (affirming the district court's reliance on the plaintiff's responses to interrogatories in determining the amount in controversy).  Defendant is properly removing this case for a second time within 30 days after it received notice of this fact and less than one year after the Complaint was filed. *See, e.g.*, *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780,

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:123837519.1 074184.1013                6.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

782-783 (7th Cir. Ill. 1999) ("a premature removal may lead to a perfectly justified remand; but when matters change – for example, by . . . a disclosure that the stakes exceed the jurisdictional amount – the case may be removed, provided only that it is less than one year old"); *see also Lovern v. General Motors Corp*., 121 F.3d 160, 161 (4th Cir. 1997) (time for removal may be triggered by answers to interrogatories, requests for admissions, or deposition testimony); *Tucker v. Allstate Indemnity Co.*, 2009 U.S. Dist. LEXIS 94909 * 3-4 (E.D. Cal. 2009) (removal timely when served within thirty days after receipt of discovery responses indicating that the amount in controversy exceeded $ 75,000). Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

## IV.
## NOTICE OF REMOVAL IS PROCEDURALLY PROPER

12.    Pursuant to 28 U.S.C. § 1441(a), venue is proper as this case may be removed to the United States District Court for the Eastern District of California.

13.    Plaintiff served his verified responses to Defendant's Form Interrogatories – General, Set One, by regular mail on September 30, 2013, and they were received by Defendant on October 1, 2013. Thus, Defendant has filed this notice within 30 days after receiving discovery from which it may first be ascertained that the case is one which is or has become removable. Thus, removal is timely and proper pursuant to 28 U.S.C. § 1446(b)(3), (c)(3)(A), and Rule 6 of the Federal Rules of Civil Procedure.

14.    In accordance with 28 U.S.C. § 1446, copies of all process and papers filed in the Superior Court of the State of California for the County of San Joaquin are attached to this Notice of Removal as **Exhibits A, B, C, E, and F**.

## V.
## CONCLUSION AND REQUESTED RELIEF

For the reasons describe above, Plaintiff's claims are properly removable under 28 U.S.C. § 1441(a) and (b). Accordingly, Defendant respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

Firmwide:123837519.1 074184.1013                    7.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

1

Dated: October 31, 2013

2

3

/s/ *Benjamin L. Webster*

4

BENJAMIN L. WEBSTER
BARBARA A. BLACKBURN

5

LITTLER MENDELSON, P.C.
Attorneys for Defendant

6

BCI COCA-COLA BOTTLING COMPANY
OF LOS ANGELES (ERRONEOUSLY SUED

7

AS "COCA-COLA REFRESHMENTS USA,
INC.")

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:123837519.1 074184.1013          8.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441