# EXHIBIT A

1   MAYALL HURLEY
    A Professional Corporation
2   2453 Grand Canal Boulevard
    Stockton, California 95207
3   Telephone (209) 477-3833    THIS CASE HAS BEEN ASSIGNED TO
    Facsimile (209) 473-4818    JUDGE LINDA L. LOFTHUS IN
4   NICHOLAS J. SCARDIGLI       DEPARTMENT 88 FOR ALL PURPOSES,
    CA State Bar No. 249947     INCLUDING TRIAL
5   JOHN P. BRISCOE
    CA State Bar No. 273690

6
    Attorneys for Plaintiff STANLEY REIF
7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN JOAQUIN

                                              39-2013-00293917-CU-WT-STK
10  STANLEY REIF,                    Case No.:

11         Plaintiff,               COMPLAINT FOR DAMAGES FOR

12  v.                              1.  AGE DISCRIMINATION
                                    2.  DISABILITY DISCRIMINATION
13                                  3.  FAILURE TO ENGAGE IN
                                        INTERACTIVE PROCESS
14  COCA-COLA REFRESHMENTS USA,     4.  FAILURE TO ACCOMMODATE
    INC., a corporation; and DOES 1-100   5.  RETALIATION (MEDICAL LEAVE)
15  inclusive,                      6.  FAILURE TO PREVENT
                                        DISCRIMINATION AND
16         Defendants.                  RETALIATION

17                                  JURY TRIAL DEMANDED

18

19         Plaintiff Stanley Reif ("Reif") brings this action against Coca-Cola Refreshments USA,

20  Inc., ("Coca-Cola") and Does 1-100, inclusive, for general, compensatory, punitive, and statutory

21  damages, injunctive relief, costs, and attorney's fees resulting from the defendants' unlawful and

22  tortious conduct, and as grounds therefore alleges:

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

    Complaint for Damages
    Page 1 of 8

**PARTIES**

1.      Reif is and was at all times relevant herein an individual and a resident of Calaveras County, California. At all times relevant herein, Reif was employed in San Joaquin County, California, and was an "employee" as defined by Gov. Code § 12926.

2.      Coca-Cola is and was at all times relevant herein a Delaware corporation qualified to do business in the State of California and an "employer" as defined by Gov. Code §§ 12926(d), 12940(a), and 12940(j)(4)(A).

3.      Coca-Cola and Does 1-100 are referred to collectively herein as Defendants.

4.      Reif is not aware of the true names and capacities of the defendants sued herein as Does 1-100, inclusive, whether individual, corporate, associate, or otherwise, and therefore sues such defendants by these fictitious names. Reif will amend this complaint to allege their true names and capacities when ascertained. Reif is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Reif's injuries and damages herein alleged were legally caused by such Defendants. Unless otherwise indicated, each defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-defendant.

**VENUE AND JURY TRIAL DEMAND**

5.      Venue is proper in this Court because the unlawful acts alleged herein took place in San Joaquin County, California, and Reif's former place of employment with Coca-Cola is located within San Joaquin County, California. Reif hereby demands a jury trial.

**GENERAL ALLEGATIONS**

6.      Reif, a 60-year-old male, was born on November 9, 1952.

7.      In May 1984, Coca-Cola hired Reif as a truck driver. Coca-Cola hired Reif knowing that he had experienced an epileptic seizure approximately four years prior, as Reif informed Coca-Cola of this fact during his initial job interview.

8.      After a few years working as a driver, Reif transferred to sales and became an Accounts Manager. Reif regularly received satisfactory performance reviews and was promoted several times throughout his employment with Coca-Cola and very rarely used sick days during

1   his nearly 28-year-long career at Coca-Cola. Throughout his employment, Reif was qualified for
2   and able to perform the essential functions of his job with reasonable accommodations.

3       9.      In early 2011, Coca-Cola implemented a new computer system and assigned Reif
4   to a new supervisor, Noel "Chris" Kardy ("Kardy"). Shortly thereafter, Reif notified his
5   supervisors – both Kardy and Mike Lozier ("Lozier"), the Area Sales Manager – of his epilepsy
6   disability and that he was having trouble with the new computer system due to his epilepsy.
7   Subsequently, Kardy wrote up Reif twice on the purported grounds of poor work performance.

8       10.     In mid-2011, Kardy placed Reif on a Performance Improvement Plan ("PIP").
9   Kardy later told Reif that Lozier ordered him to issue the PIP.

10      11.     A few weeks later, Lozier met with Reif to review his progress on the PIP. Lozier
11  stated that Reif was not doing well and had not improved much, whereupon Reif reminded
12  Lozier of his epilepsy-related problem. Lozier then stated that Reif should think about retiring.
13  Approximately one month later, Lozier told Reif, "*I'm* not ready to retire, but maybe you should
14  look in the mirror."

15      12.     On September 16, 2011, Reif experienced his first epileptic seizure in over thirty
16  years. Pursuant to his doctor's instructions, Reif took protected medical leave and what
17  ultimately amounted to a total of seven months of medical leave, calling Cola-Cola regularly
18  during the leave to report his progress and update Cola-Cola regarding his condition. During his
19  leave, Coca-Cola assured Reif that he would have his job when he returned.

20      13.     In early 2012, Reif notified Coca-Cola that he was released by his doctor to return
21  to work on April 30, 2012. Around that same time, while Reif was still on medical leave, Coca-
22  Cola drafted Reif's Year-End Review for 2011, in which one of Reif's supervisors, Shane Barcus
23  ("Barcus"), characterized Reif's performance as much worse than in his previous performance
24  reviews. Reif was not given a copy of this review.

25      14.     During the week of April 20, 2012, Barcus told Reif that he and Lozier had
26  spoken and assured Reif that he would have his job upon returning to work on April 30, 2012. A
27  few days later, but prior to April 30, 2012, Reif spoke with Barcus again; this time Barcus told
28  Reif to call Human Resources ("HR") and confirm whether his position was still open. When

1   Reif called as instructed, HR told him they would check whether Reif's position is still open.

2   However, HR never notified Reif of whether the position was still open. On approximately April

3   30, 2012, Reif again called HR, which notified him that his position had been filled and that he

4   had been replaced. Reif was replaced by Curtis Mattlock, a non-disabled male in his early 40s.

5       15.    In August 2012, Reif filed complaints against Coca-Cola with the California

6   Department of Fair Employment and Housing, and was issued right-to-sue notices those same

7   days.

8       16.    The list of misconduct by Defendants in the above allegations is a partial list only,

9   and by way of example.

10

### FIRST CAUSE OF ACTION
### VIOLATION OF GOV. CODE § 12940(a)
### (Age Discrimination)
### Against Defendants

11

12

13       17.    Reif hereby realleges and incorporates by reference Paragraphs 1 through 16

14   above as though fully set forth herein, except as said paragraphs are inconsistent with the

15   allegations of this cause of action.

16       18.    The Fair Employment and Housing Act ("FEHA") explicitly prohibits any

17   employer from discharging a person from employment or to discriminate against such person in

18   compensation or in terms, conditions or privileges of employment on the basis of being of an age

19   over 40. Gov. Code § 12940(a).

20       19.    Nevertheless, as set forth above, Defendants discriminated against Reif because of

21   his age.

22       20.    As a result of Defendants' conduct, Reif has suffered damages.

23       21.    Defendants' actions towards Reif were committed or ratified by Defendants,

24   and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious

25   manner in order to injure or damage Reif, thereby justifying an award of punitive damages.

26       22.    Wherefore, Reif seeks damages as set forth below.

27   ///

28   ///

1

## SECOND CAUSE OF ACTION
## VIOLATION OF GOV. CODE § 12940(a)
### (Disability Discrimination)
### Against Defendants

2

3

4       23.     Reif hereby realleges and incorporates by reference Paragraphs 1 through 22

5  above as though fully set forth herein, except as said paragraphs are inconsistent with the

6  allegations of this cause of action.

7       24.     FEHA explicitly prohibits an employer from refusing to hire or employ a person,

8  discharging a person from employment, or discriminating against such person in compensation

9  or in terms, conditions or privileges of employment on the basis of a physical or mental

10  disability.  Gov. Code § 12940(a).

11       25.     Nevertheless, as set forth above, Defendants discriminated against Reif because of

12  his disability, perceived disability, and/or future perceived disability, in violation of Gov. Code §

13  12940(a).

14       26.     As a result of Defendants' conduct, Reif has suffered damages.

15       27.     Defendants' actions towards Reif were committed or ratified by Defendants,

16  and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious

17  manner in order to injure or damage Reif, thereby justifying an award of punitive damages.

18       28.     Wherefore, Reif seeks damages as set forth below.

19

## THIRD CAUSE OF ACTION
## VIOLATION OF GOV. CODE § 12940(h)
### (Failure to Accommodate)
### Against Defendants

20

21

22       29.     Reif hereby realleges and incorporates by reference Paragraphs 1 through 28

23  above as though fully set forth herein, except as said paragraphs are inconsistent with the

24  allegations of this cause of action.

25       30.     FEHA requires an employer to "make reasonable accommodation for the known

26  physical or mental disability of an applicant or employee." Gov. Code § 12940(m).

27       31.     Nevertheless, as set forth above, Defendants failed to accommodate Reif's

28  disability.

1    32.    As a result of Defendants' conduct, Reif has suffered damages.

2    33.    Defendants' actions towards Reif were committed or ratified by Defendants,

3 and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious

4 manner in order to injure or damage Reif, thereby justifying an award of punitive damages.

5    34.    Wherefore, Reif seeks damages as set forth below.

6
### FOURTH CAUSE OF ACTION
**VIOLATION OF GOV. CODE § 12940(n)**
7
**(Failure to Engage in Interactive Process)**
**Against Defendants**
8

9    35.    Reif hereby realleges and incorporates by reference Paragraphs 1 through 34

10 above as though fully set forth herein, except as said paragraphs are inconsistent with the

11 allegations of this cause of action.

12    36.    FEHA requires an employer "to engage in a timely, good faith, interactive process

13 with the employee or applicant to determine effective reasonable accommodations, if any, in

14 response to a request for reasonable accommodation by an employee or applicant with a known

15 physical disability or known medical condition." Gov. Code § 12940(n).

16    37.    Nevertheless, as set forth above, Defendants failed to engage in the interactive

17 process with Reif.

18    38.    As a result of Defendants' conduct, Reif has suffered damages.

19    39.    Defendants' actions towards Reif were committed or ratified by Defendants,

20 and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious

21 manner in order to injure or damage Reif, thereby justifying an award of punitive damages.

22    40.    Wherefore, Reif seeks damages as set forth below.

23
### FIFTH CAUSE OF ACTION
**VIOLATION OF GOV. CODE § 12945.2**
24
**(Retaliation for Taking Protected Medical Leave)**
**Against Defendants**
25

26    41.    Reif hereby realleges and incorporates by reference Paragraphs 1 through 40

27 above as though fully set forth herein, except as said paragraphs are inconsistent with the

28 allegations of this cause of action.

1    42.    The California Family Rights Act is part of FEHA and explicitly prohibits an
2    employer or person from discharging, expelling, or otherwise discriminating against any person
3    because the person has taken protected medical leave.  Gov. Code § 12945.2.

4    43.    Nevertheless, as set forth above, Defendants discriminated against Reif because
5    for taking protected medical leave.

6    44.    As a result of Defendants' conduct, Reif has suffered damages.

7    45.    Defendants' actions towards Reif were committed or ratified by Defendants,
8    and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious
9    manner in order to injure or damage Reif, thereby justifying an award of punitive damages.

10    46.    Wherefore, Reif seeks damages as set forth below.

11    **SIXTH CAUSE OF ACTION**
**VIOLATION OF GOV. CODE § 12940(k)**
12    **(Failure to Prevent Discrimination and Retaliation)**
**Against Defendants**
13

14    47.    Reif hereby realleges and incorporates by reference Paragraphs 1 through 46
15    above as though fully set forth herein, except as said paragraphs are inconsistent with the
16    allegations of this cause of action.

17    48.    FEHA requires an employer to "take all reasonable steps necessary to prevent
18    discrimination and harassment from occurring." Gov. Code § 12940(k),

19    49.    Nevertheless, as set forth above, Defendants failed to prevent discrimination and
20    retaliation against Reif.

21    50.    As a result of Defendants' conduct, Reif has suffered damages.

22    51.    Defendants' actions towards Reif were committed or ratified by Defendants,
23    and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious
24    manner in order to injure or damage Reif, thereby justifying an award of punitive damages.

25    52.    Wherefore, Reif seeks damages as set forth below.
26    / / /
27    / / /
28    / / /

## PRAYER FOR RELIEF

WHEREFORE, Reif prays judgment against Defendants as follows:

1.  For compensatory, special, and general damages, including lost wages and related benefits, medical expenses, and emotional distress in an amount according to proof, but in excess of the minimum jurisdictional limit of this Court;

2.  For punitive and/or exemplary damages;

3.  For statutory attorneys' fees and costs, including those available under Gov. Code § 12965(b) and Code of Civil Procedure § 1021.5;

4.  For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including that available under Civil Code §§ 3287 and 3289, according to proof;

5.  For injunctive and declaratory relief, including, but not limited to, an order requiring Defendants to conduct training for all employees, supervisors, and management on the requirements of FEHA, the rights and remedies of those who allege a violation of FEHA, and the employer's internal grievance procedures, for purposes of effectuating the purpose of FEHA, pursuant to Gov. Code § 12965(c)(3); and

6.  For such other and further relief as the court deems proper.

**DATED:** February 19, 2013

MAYALL HURLEY P.C.

By _____

NICHOLAS J. SCARDIGLI
JOHN P. BRISCOE
Attorneys for Plaintiff
STANLEY REIF

Complaint for Damages
Page 8 of 8

# SUPERIOR COURT OF CALIFORNIA
## SAN JOAQUIN
### 222 E Weber AVENUE
### Stockton , CA 95202
### (209) 468-2355

## NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

Case Number: **39-2013-00293917-CU-WT-STK**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlaying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 07/23/2013 | | Time: 08:30:00 AM |
|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT/ROOM** | **PHONE** |
| Hon. Linda L Lofthus | STOCKTON | 33 | (209) 468-2355 |

[ x ] ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

    See attached ADR packet.

**Ex Parte Matters**

    See attached ADR packet.

**Noticed Motions**

    See attached ADR packet.

**Other Information**

    At least one party demanding a jury trial on each side must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute. CCP 631(b)

Date: 02/26/2013

                               Grant Preeo _____, Deputy Clerk

NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

V3 INIT 100 ( June 2004)



**The Superior Court**
COUNTY OF SAN JOAQUIN
222 E. WEBER AVENUE, ROOM 303
STOCKTON, CALIFORNIA 95202

TELEPHONE
(209)468-2827
WEBSITE
www.stocktoncourt.org

08/23/12

### ***PUBLIC NOTICE***

## NON-AVAILABILITY OF OFFICIAL COURT REPORTING SERVICES IN CIVIL DEPARTMENTS

Effective October 1, 2012, San Joaquin County's Official Court Reporters are "not available" within the meaning of California Rules of Court, Rule 2.956, for court-reporting of civil cases. As provided in Rule 2.956(e)(1), the term "civil cases" includes all matters other than criminal and juvenile matters. This non-availability extends to all civil case hearings or proceedings of any kind or nature, including but not limited to law and motion hearings, *ex parte* applications, long-cause hearings, and trials.

The departments which normally hear civil cases are 11, 13, 33, 41, and 42. A copy of this notice is posted outside each of these departments.

As provided in Rule 2.956(c), parties may arrange for the presence of a certified shorthand reporter to serve as an official *pro tempore* reporter. It is the party's responsibility to pay the reporter's fee for attendance at the proceedings, but the expense may be recoverable as part of the costs, as provided by law.

If a party arranges and pays for the attendance of the certified shorthand reporter, none of the parties will be charged the reporter's attendance fee provided for in Government Code §§ 68086 (a)(1) or (b)(1).

It is further noticed that the stenographic notes of the certified shorthand reporter are the official records of the Court and shall be secured by the Court in either paper and/or electronic format in accordance with Government Code §§ 69955 (a), (b), (c) and (d).

### Service Instructions for
#### Non-Availability of Official Court Reporting Services in Civil Department

To the Plaintiff(s) or Cross-Complainant(s), and all attorneys for Plaintiff(s) or Cross-Complainant(s):

The plaintiff(s) must serve the notice of Non-Availability of Official Court Reporting Services in Civil Departments (Notice) with the complaint. Likewise, the cross-complainant must serve the Notice on any new parties to the action. The service information must be included on the Proof of Service of Summons.

In addition, parties that file motions must serve the Notice on all parties in the case. The service information must be included on the Proof of Service by Mail.

1.  San Joaquin County Superior Court uses the new statewide California Case Management System (CCMS) for Limited and Unlimited Civil cases, Small Claims cases, Probate, Probate Guardianship and Probate Conservatorship and Mental Health cases.  CCMS requires the entire case number be used on all documents submitted for filing.  We realize that it is quite lengthy and your computer programs may not accommodate it, but  the entire number must be on the form/pleading.

2.  As much as possible, please use the standardized list, that was approved by the Administrative Office of the Courts (AOC), of form and document titles.  You can find the list on our web site at www.stocktoncourt.org  Click on the FILING DOCUMENTS button at the top of the home page.

Thank-you for your cooperation.

**COURT SCHEDULE – ATTACHMENT TO NOTICE OF CASE ASSIGNMENT AND NOTICE OF CASE MANAGEMENT CONFERENCE**

The following is the scheduling information for civil cases in the San Joaquin County Court Branches. If the case already has a number you must call and reserve all types of hearings at the appropriate branch.

**STOCKTON BRANCH - (209) 468-2867 (Reservations Only), (209) 468-2933 (General Civil)**

| CMC | Judge Kronlund | Monday-Friday, 8:45am | Dept 11 |
|---|---|---|---|
| | Judge Holland | Monday-Friday, 8:30am | Dept 13 |
| | Judge Coughlan | Monday-Friday, 8:30am | Dept 41 |
| | Judge McNatt | Monday-Friday, 8:30am | Dept 42 |
| | Judge Lofthus | Monday-Friday, 8:30am | Dept 33 |
| | | | |
| Law & Motion | Judge Kronlund | Tuesday-Friday, 9:00am | Dept 11 |
| | Judge Holland | Tuesday-Friday, 9:00am | Dept 13 |
| | Judge Coughlan | Tuesday-Friday, 9:00am | Dept 41 |
| | Judge McNatt | Tuesday-Friday, 9:00am | Dept 42 |
| | Judge Lofthus | Tuesday-Friday, 9:00am | Dept 33 |
| | | | |
| Ex Parte | Judge Kronlund | Monday-Friday, 8:30am and 1:15pm | Dept 11 |
| | Judge Holland | Monday-Friday, 8:15am | Dept 13 |
| | Judge Coughlan | Monday-Friday, 8:15am | Dept 41 |
| | Judge McNatt | Tuesday-Friday, 8:15am and 1:15pm | Dept 42 |
| | Judge Lofthus | Monday-Friday, 8:15am | Dept 33 |

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110)
   b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.
   c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. CRC 3.724.
   d. **Collection cases** are managed pursuant to CRC 3.740.
2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call CourtCall, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website at www.stocktoncourt.org for more information regarding civil cases, local rules and forms.

Effective 1/2/2013
Corrected 9-18-12                                                                Civil Court Schedule 2013

# What is Mediation?

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. Mediation is an alternative that gives parties more control over the outcome of their case.



Parties sit down to resolve their disputes.

## Why mediate?

- Mediation is a voluntary, confidential process.
- Mediators do not give legal advice and will not judge you on your case.
- Mediation could SAVE you TIME and MONEY, if it is used early.
- Mediation reduces conflict and

hostility, whereas trials may increase these feelings.

- Mediation provides high satisfaction with results, because you participate and express your personal interests and concerns.

## Cases for Which Mediation May Be Appropriate

Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the alternative dispute resolution process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

## Cases for Which Mediation May Not Be Appropriate

Mediation may not be effective if one of the parties is unwilling to cooperate or has a significant advantage in power over the other.

# CIVIL MEDIATION PROGRAM

An alternative that gives you more control and flexibility over the outcome of your case.

**SUPERIOR COURT OF CALIFORNIA,**
**County of San Joaquin**

Superior Court of California,
County of San Joaquin
CIVIL MEDIATION PROGRAM
222 E. Weber Avenue, Room 303
Stockton, California 95202
Stephanie Behrens, Project Manager
Phone: 209-468-2978
Fax: 209-468-0576
Email: sbehrens@courts.sanjoaquin.ca.us
www.stocktoncourt.org



# San Joaquin County Superior Court's *voluntary* Civil Mediation Program

## What is San Joaquin County Superior Court's voluntary Civil Mediation Program?

San Joaquin County Superior Court was recently awarded a grant through the the California Courts (AOC) to implement a formal civil mediation program that will allow attorneys and clients involved in general civil litigation greater access to affordable high quality mediation. Litigants will have a voice in the settlement process and will play a direct role in managing the outcomes of their own cases.

The Civil Mediation Program is a voluntary program that allows parties to a general civil case the freedom to resolve their conflict in their own time. The Court provides a panel of skilled mediators trained by Pepperdine University Law School's Straus Institute for Dispute Resolution. All mediators serving on the Court's Panel must meet minimum training and experience requirements.

## Which cases qualify for Mediation?

All types of general civil cases qualify and may benefit from the mediation process. Parties may request or stipulate to mediation at any point in the case.

## Who are the Mediators?

Mediators are experienced attorneys who have completed a Court-approved formal mediation training program. Please contact the Civil Mediation Program Manager or visit the court's website for a list of approved mediators.

## How is a Mediator chosen?

Parties choose a mediator who is mutually agreeable based on the mediator's experience, market rate, etc. Parties are not required to select a mediator from the Court Panelist List.

## Who pays for Mediation?

The Civil Mediation Program is a party-pay program, which means the parties who use the program must pay for it themselves.

Parties pay the market rate of their selected mediator. Each mediator's market rate is published on the Court Panelist List or you may contact the Program Manager.

## Who attends the Mediation?

The mediator, the attorneys, and the parties must attend the mediation.

Both sides must have at least one person present who has the authority to settle the case.

## What if the Mediation is not successful?

If the mediation does not resolve the dispute, the case will proceed to a settlement conference, if necessary.

## For more information about the Court's voluntary Civil Mediation Program, please contact:

Stephane Bolrier, Project Manager

(209) 468-2878 office

(209) 468-8576 fax

sbolrier@courts.sanjoaquin.ca.us





# Looking For Help Resolving A Dispute?

**Mediation Center of San Joaquin**
Create win/win agreements and stay out of court

(209) 474-8794



**Mediation Center of San Joaquin**
Create win/win agreements and stay out of court

829 Rose Marie Ln. Suite D
Stockton CA 95207

phone 209-474-8794
fax 209-473-6464
www.MediatorsRus.org

The Mediation Center is a nonprofit public benefit organization serving the San Joaquin community and funded by donations of money and time from people like you, a grant from the Superior Court to provide community mediation services, and grants and income from a range of dispute resolution services.

Services are provided by trained neutral volunteers, and other conflict resolution specialists.



**Mediation** is a way for people to talk it out rather than fight it out -- a way for people to reconcile conflicting interests through problem solving negotiations rather than through time-consuming and costly power contests.

With the help of trained, impartial mediators, people work out their problems and arrive at mutually acceptable agreements.

A panel of mediators brings disputing parties together to help them have an open discussion of their problems. The mediators help the parties identify what they really want from each other. The parties learn how to better understand each other, the dispute, and reality-based options. The mediators help the parties develop their own agreement for resolution of the conflict.

Many disputes are more appropriately resolved through an informal and private process of talking it out, rather than through the legal system or other ways of fighting it out. Through mediation, the parties involved in the conflict can control the decisions that affect them.

# The Process

You can call the Mediation Center any time, or you may be referred to us by the police or sheriff, county or city government agencies, the court, or your lawyer. Perhaps a friend or neighbor may suggest you try mediation. In any case, when you call a case developer will talk to you about your problem, determine whether it is the type of conflict we can help with, and answer any questions about the process.

If you decide that mediation is right for you, we will contact the other parties involved to tell them how the mediation process works and determine their willingness to participate.

If all parties agree to participate in mediation, a session will be scheduled at a convenient time and place for all.

At the session, a panel of impartial mediators will listen to all sides of the dispute and assist you and the other parties in talking it through. The mediators will *not* decide who is right or wrong, take sides, or impose solutions, but will assist you in finding a solution that best meets the needs of all the parties involved.

When a verbal agreement is reached, one of the mediators can write the terms out for you and the other parties to sign if you wish. If all are willing, the agreement can be made legally binding so that it can be enforceable in court.



**For more information,**
**CALL US! (209) 474-8794**

## What Benefits?

- ⊠ empowers people
- ⊠ confidential
- ⊠ simple and straightforward
- ⊠ less costly than litigation
- ⊠ less time-consuming than litigation
- ⊠ no confusing technicalities, forms and processes



## Who Are The Mediators?

- ⊠ impartial volunteers, trained and neutral
- ⊠ people like you
- ⊠ people committed to the community

## What Does It Cost?

A non-refundable case development fee of $50 is charged to the party requesting mediation. Additional service fees are added for specific types of disputes (where the services of a master mediator are requested or required by subject matter). The case developer will inform you in advance if any service fees apply to your case.

NO ONE IS REFUSED MEDIATION BECAUSE OF AN INABILITY TO PAY.

# A Resource For Community Building And Resolving Conflict





# What Is Mediation?

problem solving negotiations

reconciling conflicting interests

talking it out, NOT fighting it out

## How Does Mediation Work?

mediators help parties discuss problems

parties identify real needs

parties understand each other, and real options

parties develop their own agreement

## Why Mediate?

informal and private

parties can control decisions



**Mediation Center**
**of San Joaquin**
Create win/win agreements
and stay out of court



*You Don't Have to Sue*

Here Are Some Other Ways to Resolve a Civil Dispute

Presented by the
Judicial Council of California
and the
State Bar of California

March 1998

most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association,** or

- Look in the **Yellow Pages** under "Arbitrators" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

7

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- ADR can be **speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- ADR can **save money.** Court costs, attorneys fees, and expert fees can be saved.

- ADR can permit more **participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

2

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be

3

---

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

## CASE EVALUATION

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are

6

effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### • MEDIATION

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Media-

tion also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### • ARBITRATION

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records), rather than by testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and, normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

*CIVIL MEDIATION PROGRAM*



Superior Court of
San Joaquin County
222 E. Weber Avenue
Room 303
Stockton, Ca 95202
(209)468-2878
(209)468-8576 fax
www.stocktoncourt.org

# *Civil Mediation Program*

The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcomes of their own cases. The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.

## What is mediation?

Mediation is an informal, confidential, flexible and non-binding process in which an impartial person called a "mediator" helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to:

* communicate better,
* explore legal and practical settlement options, and
* reach an acceptable solution of the dispute.

The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**

## Why mediate?

* Mediation is a voluntary, confidential process.
* Mediators do not give legal advice and will not judge you on your case.
* Mediation could SAVE you TIME and MONEY, if it is used early.
* Mediation reduces conflict and hostility, whereas trials may increase these feelings.
* Mediation provides high satisfaction with results, because you participate and express your personal interests and concerns.

## Which cases qualify for Mediation?

All types of general civil cases qualify and may benefit from the mediation process. Parties may request or stipulate to mediation at any point in the case.

## Who are the Mediators?

Mediators are experienced attorneys who have completed a Court-approved formal mediation training program. Please contact the Civil Mediation Program Manager or visit the court's website for a list of approved mediators.

**Parties mutually agree on a mediator and schedule the mediation session directly with the mediator.** If you would like a copy of the San Joaquin County Superior Court's Civil Mediation Panelist List, you may visit the Court's website at www.stocktoncourt.org or contact the Program Manager at (209)468-2878 or sbohrer@courts.san-joaquin.ca.us.

## What are the program procedures? (please refer to Local Rule 3.125 for more detailed procedures)

<u>Payment</u>
The Civil Mediation Program is a voluntary, market rate program. Fees are generally hourly and split equally among the parties. Mediators should be contacted regarding other charges and fee policies. For those parties who might have difficulty paying for mediation services, financial assistance is available through the program after an income-based screening is completed.

<u>Stipulations</u>

In accordance with *Local Rule 3.125H* all parties going to mediation must complete a Stipulation and Order to ADR form and file it at the Clerk's Office. An original and a copy for the court's use shall be submitted. There is no filing fee for the filing of the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office.

**If filing the Stipulation Prior to an Initial Case Management Conference**
To stipulate to mediation prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 120 days from the current date to allow time for the mediation process to be completed.

**If filing the Stipulation Following a Case Management Conference**
When parties come to an agreement at a case management conference to utilize mediation, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 3.125C.1.*].

<u>Post-Mediation Session Evaluations</u>
*Local Rule 3.125H.1.* requires submission of *Post-Mediation Evaluations* within 10 days of completing any court-connected mediation session regardless of the outcome of the case mediated. Evaluations are to be completed by attorneys and clients. A copy of the Attorney Post-Mediation Survey and Client Post-Mediation Survey are attached to the Civil Mediation Panelist List or can be found on the court's website. Completed evaluations shall be returned to the Project Manager.

## For further information, please contact:

- Stephanie Bohrer, Civil Mediation Program Manager, at 209/468-2878 or <u>sbohrer@courts.san-joaquin.ca.us</u>
- The Court website at <u>www.stocktoncourt.org</u>

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                              FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ UNLIMITED CASE (Amount demanded exceeds $25,000)  ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                              Time:                    Dept.:              Div.:              Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone,  by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. Party or parties *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. Description of case
   a. Type of case in  ☐ complaint  ☐ cross-complaint     *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

|  | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:     f. Fax number:
   e. E-mail address:     g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
    (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation** (if available).
    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
| --- | --- | --- |
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

   b. Reservation of rights:  ☐ Yes  ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

   ☐ Bankruptcy  ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

     ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party)*:

**14. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

     Party                    Description                Date

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                              FAX NO.:<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

☐ **LODI Branch**      ☐ **MANTECA Branch**      ☐ **TRACY Branch**      ☐ **STOCKTON Branch**
315 W. Elm St.         315 E. Center St.          475 E. 10th St.         222 E. Weber Ave.
Lodi, CA 95240         Manteca, CA 95336          Tracy, CA 95376         Stockton, CA 95202

Plaintiff(s)/Petitioner(s):

Defendant(s)/Respondent(s):

CASE NUMBER:

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):

☐ Voluntary Mediation                              ☐ Other (specify):

☐ Non-Binding Judicial Arbitration CCP 1141.12     _____

☐ Binding Arbitration (private)                    _____

Case Type: _____

Is the Neutral you selected listed on the Court's Panel of Mediators?  ☐ Yes    ☐ No

Neutral's name and telephone number: _____  /( ____ ) _____

Date/Time of ADR Session: _____ / _____ a.m./p.m.    Location of ADR Session: _____

Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:

_____

_____

_____

Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR.  Original signatures required.

| | |
|---|---|
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent | _____ (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent | _____ (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent | _____ (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent | _____ (Signature)<br>Attorney or Party without attorney |

## IT IS SO ORDERED:  Dated: _____    _____

Judge of the Superior Court

An ADR Review Hearing is scheduled for _____ at _____ a.m/p.m. in Dept. No. _____.

In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)