# EXHIBIT C

FILED
2013 MAR 27 PM 2:13
ROSA JUNQUEIRO, CLERK
RAFAELA GUTIERREZ
BY DEPUTY

BENJAMIN L. WEBSTER, Bar No. 132230
BARBARA A. BLACKBURN, Bar No. 253731
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
Telephone: 916.830.7200
Fax No.: 916.561.0828

Attorneys for Defendant
BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES (erroneously sued as "COCA-COLA REFRESHMENTS USA, INC.")

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN JOAQUIN

| | |
|---|---|
| STANLEY REIF,<br>Plaintiff,<br>v.<br>COCA-COLA REFRESHMENTS USA, INC., a corporation; and DOES 1-100 inclusive,<br>Defendants. | Case No. 39-2013-00293917-CU-WT-STK<br><br>**ANSWER OF DEFENDANT BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES TO COMPLAINT** |

Defendant BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES (erroneously sued as "COCA-COLA REFRESHMENTS USA, INC.") ("Defendant"), in response to Plaintiff's unverified Complaint for Damages, hereby answers as follows pursuant to section 431.30(b) of the California Code of Civil Procedure:

**GENERAL DENIAL**

Defendant denies each and every, all and singular, of the allegations contained in Plaintiff's Complaint, conjunctively and disjunctively, and further denies that Plaintiff has sustained any damages at all, and further generally and specifically denies that Plaintiff is entitled to any relief whatsoever.

Filed by fax

**DEFENSES**

Without waiving or excusing Plaintiff's burden of proof, without admitting that Defendant has any burden of proof, and without admitting any wrongdoing, Defendant asserts the following defenses:

1. FOR AND AS A FIRST SEPARATE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each cause of action set forth therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be granted.

2. FOR AND AS A SECOND SEPARATE DEFENSE, Defendant alleges that Plaintiff's claim for punitive damages is barred to the extent he has failed to state his claim with the requisite specificity.

3. FOR AND AS A THIRD SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the applicable statute of limitations has expired, including but not limited to California Government Code sections 12960 and 12965 subdivision (b).

4. FOR AND AS A FOURTH SEPARATE DEFENSE, to the extent Plaintiff seeks to recover for alleged violations of the California Fair Employment and Housing Act ("FEHA"), Gov. Code sections 12940 *et seq.*, based on alleged incidents occurring prior to one year before the filing of his administrative charges, Defendant alleges that Plaintiff is not entitled to any relief for any such incidents.

5. FOR AND AS A FIFTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims under the FEHA are barred to the extent he failed to exhaust his administrative remedies.

6. FOR AND AS A SIXTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent that, even if any decision concerning Plaintiff was based in part on discriminatory grounds (which Defendant denies), Defendant would have reached the same decision absent any alleged discrimination, and/or to the extent any discriminatory ground was not a substantial motivating factor in Defendant's decision.

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

7. FOR AND AS A SEVENTH SEPARATE DEFENSE, Defendant alleges that, to the extent Plaintiff seeks recovery for his alleged emotional and/or physical damages, such claims and damages are preempted by his exclusive remedy pursuant to the California Workers' Compensation Act, California Labor Code sections 3600 *et seq*.

8. FOR AND AS AN EIGHTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent that he is not a qualified person with a disability as defined by relevant state law, nor was he regarded as a qualified person with a disability.

9. FOR AND AS A NINTH SEPARATE DEFENSE, assuming that Plaintiff was a qualified individual with a disability and/or was regarded as a qualified individual with a disability, which Defendant denies, Defendant alleges that Plaintiff's claims are barred to the extent he was unable to perform the essential duties of his position and/or perform those duties in a manner that would not endanger his health or safety or the health or safety of others, with or without reasonable accommodation.

10. FOR AND AS A TENTH SEPARATE DEFENSE, assuming that Plaintiff was a qualified individual with a disability and/or was regarded as a qualified individual with a disability, which Defendant denies, Plaintiff's claims are barred to the extent any accommodation sought by Plaintiff would impose an undue hardship on Defendant.

11. FOR AND AS AN ELEVENTH SEPARATE DEFENSE, assuming that Plaintiff was a qualified individual with a disability and/or was regarded as a qualified individual with a disability, which Defendant denies, Defendant alleges that Plaintiff's claims are barred to the extent he failed to properly and in good faith engage in the interactive process with Defendant regarding any requested accommodation.

12. FOR AND AS A TWELFTH SEPARATE DEFENSE, Defendant alleges that Plaintiff is barred from recovery, in whole or in part, to the extent he has failed to mitigate his alleged damages.

13. FOR AND AS A THIRTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent that his damages were caused by his own intentional and/or negligent acts and/or omissions.

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

14. FOR AND AS A FOURTEENTH SEPARATE DEFENSE, Defendant alleges that if Plaintiff has suffered any emotional distress (which Defendant denies), Plaintiff's recovery is barred to the extent that his emotional distress was proximately caused by factors other than his employment and/or the actions of Defendant or anyone acting on its behalf.

15. FOR AND AS A FIFTEENTH SEPARATE DEFENSE, Defendant alleges that, to the extent Plaintiff suffered any emotional distress as a result of any conduct undertaken by Defendant, or anyone acting on Defendant's behalf (which Defendant denies), such conduct was beyond the course and scope of said agent's employment, and specifically contrary to and in disregard of Defendant's interest.

16. FOR AND AS A SIXTEENTH SEPARATE DEFENSE, Defendant alleges that it had suitable anti-discrimination policies in effect at all times material to the allegations in Plaintiff's Complaint, and that Plaintiff's claims are barred to the extent he unreasonably failed to take advantage of such policies and to otherwise avoid his alleged harm.

17. FOR AND AS A SEVENTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff is precluded from recovering punitive damages from Defendant, either in whole or in part, under the applicable provisions of California Civil Code section 3294, or such other statutes of similar effect that may be applicable.

18. FOR AND AS AN EIGHTEENTH SEPARATE DEFENSE, Defendant alleges that any imposition of punitive damages violates Defendant's Constitutional rights and any actions it conducted, or any actions taken on its behalf, were not done with malice, oppression, or fraud.

19. FOR AND AS A NINETEENTH SEPARATE DEFENSE, Defendant alleges that it is not vicariously liable for any act or omission of any person, by way of respondeat superior, agency, or otherwise.

20. FOR AND AS A TWENTIETH SEPARATE DEFENSE, Defendant alleges that, assuming any employee of Defendant engaged in any unlawful conduct toward Plaintiff (which Defendant denies), Defendant neither knew nor reasonably should have known of said unlawful conduct.

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

21. FOR AND AS A TWENTY-FIRST SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred, either in whole or in part, to the extent that the equitable doctrines of laches, unclean hands, waiver, and/or estoppel apply.

22. FOR AND AS A TWENTY-SECOND SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred, either in whole or in part, to the extent he seeks equitable relief because there is an adequate remedy at law.

23. FOR AND AS A TWENTY-THIRD SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred, either in whole or in part, to the extent he seeks injunctive relief because Defendant has discontinued the alleged wrongful conduct, if any, and it is not likely to recur.

24. FOR AND AS A TWENTY-FOURTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred, either in whole or in part, because its actions with respect to Plaintiff's employment were taken with proper managerial discretion and/or justified by legitimate and substantial business reasons and were therefore protected by the managerial privilege.

25. FOR AND AS A TWENTY-FIFTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred or damages should be reduced to the extent all actions taken against Plaintiff would or could have been taken in any event based upon after-acquired evidence of misconduct.

26. FOR AND AS A TWENTY-SIXTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's recovery, if any, should be reduced to the extent that Plaintiff has obtained income from other employment, workers' compensation, and/or other sources and that such monies must be set off against any potential damages.

27. FOR AND AS A TWENTY-SEVENTH SEPARATE DEFENSE, Defendant Coca-Cola Refreshments USA, Inc. never employed Plaintiff and therefore cannot be liable for his alleged damages. Plaintiff's actual employer was BCI Coca-Cola Bottling Company of Los Angeles.

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant alleges that because the Complaint is couched in conclusory terms, all defenses that may be applicable cannot be fully anticipated. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is reserved. In addition, Defendant reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of new and/or additional defenses, and/or should a change in the law support the inclusion of new and/or additional defenses.

**PRAYER**

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing by virtue of this action;

2. Defendant be awarded attorneys' fees and costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

Dated: March 27, 2013

BENJAMIN L. WEBSTER
BARBARA A. BLACKBURN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES (erroneously sued as "COCA-COLA REFRESHMENTS USA, INC.")

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On March 27, 2013, I served the within document(s):

**ANSWER OF DEFENDANT BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES TO COMPLAINT**

☐ by facsimile transmission at or about ____________ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 916.561.0828. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Sacramento, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is ______@littler.com.

Nicholas J. Scardigli
John P. Briscoe
MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Blvd.
Stockton, CA 95207
Attorneys for Plaintiff
STANLEY REIF

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it

would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 27, 2013, at Sacramento, California.

Heather Magennis

Heather Magennis

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200