# EXHIBIT D

1  BENJAMIN L. WEBSTER, Bar No. 132230
   BARBARA A. BLACKBURN, Bar No. 253731
2  LITTLER MENDELSON, P.C.
   500 Capitol Mall, Suite 2000
3  Sacramento, CA 95814
   Telephone:   916.830.7200
4  Fax No.:    916.561.0828

5  Attorneys for Defendant
   BCI COCA-COLA BOTTLING COMPANY OF
6  LOS ANGELES (erroneously sued as "COCA-
   COLA REFRESHMENTS USA, INC.")

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SAN JOAQUIN

10 STANLEY REIF,                        Case No.  39-2013-00293917-CU-WT-STK

11          Plaintiff,                  **NOTICE TO ADVERSE PARTY OF
                                        REMOVAL OF CIVIL ACTION TO
12      v.                              FEDERAL COURT**

13 COCA-COLA REFRESHMENTS USA,          **[DIVERSITY]**
   INC., a corporation; and DOES 1-100
14 inclusive,

15          Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118997786.1 074184.1013

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1   TO PLAINTIFF STANLEY REIF AND HIS ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on April 5, 2013, Defendant BCI COCA-COLA

3   BOTTLING COMPANY OF LOS ANGELES (erroneously sued as "COCA-COLA

4   REFRESHMENTS USA, INC.") ("Defendant"), filed a Notice of Removal of Civil Action in the

5   United States District Court in and for the Eastern District of California.  A true and correct copy of

6   said Notice of Removal with accompanying exhibits is attached hereto and incorporated herein by

7   reference as **Exhibit A**.

8          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the

9   filing of Defendant's Notice of Removal of Civil Action to Federal Court with the United States

10  District Court for the Eastern District of California, together with the filing of the Notice of Removal

11  of Civil Action to Federal Court with this Court, effects the removal of this action and this Court

12  may proceed no further unless and until the case is remanded.

13

14  Dated: April 5, 2013

15

16                                          _____
                                            BENJAMIN L. WEBSTER
17                                          BARBARA A. BLACKBURN
                                            LITTLER MENDELSON, P.C.
18                                          Attorneys for Defendant
                                            BCI COCA-COLA BOTTLING COMPANY
19                                          OF LOS ANGELES (erroneously sued as
                                            "COCA-COLA REFRESHMENTS USA,
20                                          INC.")

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118997786.1 074184.1013                    2.

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

EXHIBIT A

1   BENJAMIN L. WEBSTER, Bar No. 132230
     BARBARA A. BLACKBURN, Bar No. 253731
2   LITTLER MENDELSON, P.C.
     500 Capitol Mall, Suite 2000
3   Sacramento, CA 95814
     Telephone:   916.830.7200
4   Fax No.:    916.561.0828

5   Attorneys for Defendant
     BCI COCA-COLA BOTTLING COMPANY OF
6   LOS ANGELES (erroneously sued as "COCA-
     COLA REFRESHMENTS USA, INC.")

7

8               UNITED STATES DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10   STANLEY REIF, | Case No. |
| 11           Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441** |
| 12      v. | |
| 13   COCA-COLA REFRESHMENTS USA, INC., a corporation; and DOES 1-100 | **[DIVERSITY]** |
| 14   inclusive, | |
| 15           Defendants. | |

16

17

18

19

20

21

22

23

24

25

26

27

28

Firmwide:118998102.1 074184.1013

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2      PLEASE TAKE NOTICE that Defendant BCI COCA-COLA BOTTLING

3  COMPANY OF LOS ANGELES (erroneously sued as "COCA-COLA REFRESHMENTS USA,

4  INC.") ("BCI" or "Defendant"), a Delaware corporation, removes to this Court the state court action

5  described herein.  Defendant removes the captioned action from the Superior Court of the State

6  California in and for the County of San Joaquin.  Removal jurisdiction is proper in this Court

7  pursuant to 28 U.S.C. § 1441(a) and (b) due to diversity of citizenship between the parties.

8      In support of the Notice of Removal of Civil Action, Defendant alleges the following:

9                                    **I.**
                              **JURISDICTION**
10

11      1.    This Court has original jurisdiction over this civil action under 28 U.S.C.

12  § 1332(a) and this action is one that may be removed to this Court pursuant to the provisions of

13  28 U.S.C. § 1441(b) because Plaintiff is a citizen of the State of California and BCI and Coca-Cola

14  Refreshments USA, Inc. ("CCR") are Delaware corporations with their principal places of business

15  in the State of Georgia.  The amount in controversy in this action exceeds seventy-five thousand

16  dollars ($75,000).

17      2.    On February 19, 2013, Plaintiff commenced this action by filing a Complaint

18  for Damages ("Complaint") in the Superior Court of the State of California, in and for the County of

19  San Joaquin, entitled "*STANLEY REIF v. COCA-COLA REFRESHMENTS USA, INC., and DOES 1*

20  *-100, inclusive,*" designated as Case No. 34-2013-00293917.  A true and correct copy of the

21  Complaint is attached to this Notice as **Exhibit A**.

22      3.    Plaintiff's Complaint alleges the following causes of action: (1) age

23  discrimination; (2) disability discrimination; (3) failure to engage in interactive process; (4) failure to

24  accommodate; (5) retaliation (medial leave); and (6) failure to prevent discrimination and retaliation.

25  Plaintiff's Complaint seeks the following relief: compensatory, special, and general damages

26  (including lost wages and related benefits, medical expenses, and emotional distress); punitive

27  and/or exemplary damages; attorneys' fees and costs; prejudgment and post-judgment interest; and

28  injunctive and declaratory relief. *See* Complaint, Prayer for Relief, p. 8:1-18.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118998102.1 074184.1013                        2.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

1         4.     Defendant was served with a copy of Plaintiff's Summons and Complaint on

2 March 6, 2013. A true and correct copy of the Summons served on Defendant is attached to this

3 Notice as **Exhibit B**.

4         5.     The Complaint constitutes all of the pleadings served upon Defendant in this

5 action.

6         6.     Prior to filing this Notice of Removal, the parties filed a stipulation to

7 substitute Defendant BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES for

8 Defendant COCA-COLA REFRESHMENTS USA, INC. A true and correct copy of the parties'

9 stipulation is attached to this Notice as **Exhibit C**.

10         7.     Defendant filed an Answer to Plaintiff's Complaint in the San Joaquin County

11 Superior Court on March 27, 2013. A true and correct copy of Defendant's Answer is attached to

12 this Notice as **Exhibit D**.

13         8.     This Notice of Removal is timely as it is being filed with this Court and

14 served within thirty (30) days after the date when Defendant was deemed served with the Summons

15 and Complaint – on March 6, 2013 – and is less than one year after commencement of this action as

16 required under 28 U.S.C. § 1446(b) .

17         9.     Venue is proper in this Court in that this is the Court for the district and

18 division embracing the place where the action is pending in state court. *See* 28 U.S.C. § 1441(a).

19
## II.
## DIVERSITY OF CITIZENSHIP
20

21         10.     Complete diversity exists between the parties because:

22         (a)     Plaintiff alleges that he was "a resident of the Calaveras County,

23 California . . . [a]t all times relevant herein . . . ." *See* Complaint, ¶ 1, attached as **Exhibit A**.

24 Plaintiff, therefore, is a citizen of the State of California. *See* 28 U.S.C. § 1332(a)(1) (an individual

25 is a citizen of the state in which he or she is domiciled). Plaintiff's address in his personnel

26 documents maintained with Defendant also confirms that he lived in California during his

27 employment with Defendant. Declaration of Kimberly Nishio ("Nishio Decl.") ¶ 3.

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118998102.1 074184.1013               3.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

1            (b)    BCI and CCR are, at the time the action was commenced in state

2    court, and still are, Delaware corporations whose principal places of business are located in Atlanta,

3    Georgia, and are therefore not citizens of the State of California.  Declaration of Gloria K. Bowden

4    ("Bowden Decl.") ¶¶ 3, 5; Complaint, ¶ 1, attached as **Exhibit A.**  BCI and CCR's headquarters are

5    located at 1 Coca-Cola Plaza in Atlanta, Georgia.  Bowden Decl. ¶¶ 3, 5.  BCI lists its Atlanta

6    headquarters as its "principal executive office" in its Statement of Information filed with the

7    California Secretary of State.  Bowden Decl. ¶ 3.  BCI's corporate officers and principal executives

8    also work from the Atlanta headquarters, including the President and Chief Executive Officer, the

9    Vice President and Chief Financial Officer, the Vice President and General Counsel, the Vice

10   President of Human Resources, the Vice President and General Tax Counsel, the Vice President and

11   Treasurer, two other Vice Presidents and three Assistant Treasurers, the Corporate Secretary, and the

12   Corporate Assistant Secretary. *Id.*

13           (c)    Most of the corporate-wide decisions relating to BCI and CCR's

14   operations are made from Atlanta.  Bowden Decl. ¶¶ 4, 5.  The types of corporate decisions made in

15   Atlanta include: decisions regarding corporate policy; decisions regarding the purchase, financing,

16   and leasing of real properties; legal decisions; significant decisions regarding contracts and other

17   purchasing; decisions regarding BCI press releases and public affairs; decisions regarding banking

18   relationships and cash management accounts; decisions regarding payroll (although the payroll

19   department for BCI is itself located in Brandon, Florida); decisions regarding revenue management;

20   decisions regarding safety and security policy-making; and policy decisions regarding advertising

21   and marketing. *Id.*

22           (d)    In *Hertz Corporation v. Friend, et al.*, 559 U.S. 77, 130 S.Ct 1181,

23   1192 (2010), the U.S. Supreme Court adopted exclusively the "nerve center" test for determining

24   corporate citizenship in diversity jurisdiction cases.  The Court determined that a corporation's

25   "principal place of business" is the "place where a corporation's officers direct, control, and

26   coordinate the corporation's activities." *Id*; *see also Van Noland v. Pelletier*, 2010 U.S. Dist. LEXIS

27   33554, *6-7 (E.D. Cal. April 6, 2010) (adopting the *Hertz* standard); *Lopez v. Target Corp.*, 2011

28   U.S. Dist. LEXIS 117881, * 2-3 (C.D. Cal. Oct. 12, 2011) (same).  BCI and CCR's "nerve centers"

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118998102.1 074184.1013                 4.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

1    and, thus, their principal places of business, are located in Atlanta, Georgia. *See Hertz*, 130 S. Ct. at

2    1192. Accordingly, BCI and CCR were, and still are, citizens of Delaware and Georgia. *See Id.*; *see*

3    *also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it

4    has been incorporated and of the State where it has its principal place of business").

5            (e)    Plaintiff's Complaint also names as Defendants "Does 1 through 100."

6    Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be

7    disregarded for the purpose of determining diversity jurisdiction.

8    **III.**
**AMOUNT IN CONTROVERSY**

9

10         11.    The amount in controversy exceeds the sum of $75,000 exclusive of interest

11    and costs. Although the Complaint does not allege a specific dollar amount of damages, Defendant

12    only needs to establish by a preponderance of evidence that Plaintiff's claims exceed the

13    jurisdictional minimum. *See Valdez v. Allstate Insurance Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

14    Defendant meets its burden based on the following:

15            (a)    In his Complaint, Plaintiff is seeking, *inter alia*, economic damages,

16    non-economic damages, attorneys' fees, and punitive damages for alleged violations of the

17    California Fair Employment and Housing Act ("FEHA"). Specifically, Plaintiff is claiming age and

18    disability discrimination, failure to engage in the interactive process, failure to accommodate,

19    retaliation for taking medical leave, and failure to prevent discrimination and retaliation.

20            (b)    Plaintiff's alleged economic and non-economic damages are

21    comprised of the following: (1) lost wages and related benefits; (2) medical expenses; and (3)

22    emotional distress damages. Complaint, Prayer for Relief, p. 8:1-18. These amounts can be

23    considered when calculating the amount in controversy and would easily exceed the $75,000

24    requirement. *See Richmond v. Allstate Insurance*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (general

25    and special damages included in the amount in controversy); *see also White v. FCI United States,*

26    *Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (alleged damages for plaintiff's wrongful termination claim

27    exceeded $75,000 based on her "lengthy list of compensatory and punitive damages," including loss

28    of pay, benefits, and emotional distress). Before Plaintiff went out on his leave of absence, he was

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118998102.1 074184.1013                5.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

1   making $25.39 per hour and working full-time, or approximately $52,811 per year. Nishio Decl. ¶ 3.

2   Based on this amount, approximately one and one-half years' worth of lost wages alone exceeds the

3   jurisdictional minimum, without taking into account his claim for alleged medical expenses and

4   emotional distress damages.

5           (c)    Plaintiff also seeks to recover an unspecified amount of punitive

6   damages. Complaint, Prayer for Relief, p. 8:1-18. Punitive damages can also be considered in

7   determining the amount in controversy for claims brought under the FEHA. *See, e.g., Simmons v.*

8   *PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Although Defendant denies that it

9   should be liable for punitive damages, or any damages whatsoever in this case, for purposes of

10   assessing whether the amount in controversy is satisfied, courts can look to jury verdicts in similar

11   cases. *Id.* at 1033. Jury verdicts in various discrimination cases in California reflect that were

12   Plaintiff to prevail at trial, his damages would likely be in excess of the $75,000 threshold. *See, e.g.,*

13   *Roby v. McKesson, Corp.*, 47 Cal. 4th 686, 719-720 (2009) (jury award of $15,000,000 in punitive

14   damages in discrimination and wrongful termination case reduced to $1,905,000); *Smith v. Brown-*

15   *Forman Distillers Corp.*, 196 Cal. App. 3d 503, 516 (1987) ($250,000 award of punitive damages

16   upheld); *see also Haase v. Aerodynamics Inc.*, 2009 U.S. Dist. LEXIS 96563, *12-13 (E.D. Cal. Oct.

17   16, 2009), *citing Lopez v. Bimbo Bakeries USA, Inc.*, 2007 WL 1765192 (Cal. Super. Ct. May 22,

18   2007) (awarding over $2,000,000 in a failure to accommodate and wrongful termination case).

19           (d)    Plaintiff also seeks to recover for attorneys' fees and costs.

20   Complaint, Prayer for Relief, p. 8:1-18. For a prevailing party under the FEHA, attorneys' fees are

21   recoverable as a matter of right. *See* Cal. Govt. Code § 12965(b). Accordingly, they can be

22   considered when determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d

23   1150, 1156 (9th Cir. 1998) ("When an underlying statute authorizes an award of attorneys' fees . . .

24   such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243

25   F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys'

26   fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in

27   controversy exceeds $75,000). This amount alone can exceed the damage award and further indicate

28   that the amount in controversy exceeds the amount in controversy requirement for diversity

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118998102.1 074184.1013             6.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

1  jurisdiction. *See Simmons*, 209 F. Supp. 2d at 1035 ("attorneys' fees in individual discrimination

2  cases often exceed the damages"); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75, 81 (2d. Cir. 1986)

3  ($550,000 in attorneys' fees awarded under FEHA); *Flannery v. Prentice*, 26 Cal. 4th 572, 576, 591

4  (2001) ($1,088,231 award of attorneys' fees under the FEHA upheld); *Akers v. County of San Diego*,

5  95 Cal. App. 4th 1441, 1445 (2002) ($249,345 in attorneys' fees awarded in wrongful termination

6  and pregnancy/gender discrimination case); *Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist.

7  LEXIS 58610, *12-13 (N.D. Cal. July 11, 2008) (denying motion for remand, stating that

8  employment discrimination claims require a great deal of preparation and effort to maintain and at

9  the plaintiff's attorneys' claimed rate of $400 an hour, fees will likely become substantial). Based

10  upon the foregoing, the amount in controversy in this matter appears to well exceed the jurisdictional

11  minimum of $75,000. Accordingly, this action is a civil action over which this Court has original

12  jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by Defendant

13  pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

### IV.
### NOTICE OF REMOVAL IS PROCEDURALLY PROPER

16  12.    Pursuant to 28 U.S.C. § 1441(a), venue is proper as this case may be removed

17  to the United States District Court for the Eastern District of California.

18  13.    Defendant was served on March 6, 2013. *See* **Exhibit B**. Defendant has filed

19  this notice within 30 days after receiving the pleadings from which Defendant could first determine

20  that this action was removable, and less than one year after commencement of this action. Thus,

21  removal is timely and proper pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of

22  Civil Procedure.

23  14.    In accordance with 28 U.S.C. § 1446, copies of all process and papers filed in

24  the Superior Court of the State of California for the County of San Joaquin are attached to this

25  Notice of Removal as **Exhibits A-D**.

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118998102.1 074184.1013                    7.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

**V.**
**CONCLUSION AND REQUESTED RELIEF**

For the reasons describe above, Plaintiff's claims are properly removable under 28 U.S.C. § 1441(a) and (b). Accordingly, Defendant respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

Dated: April 5, 2013

/s/ Benjamin L. Webster
BENJAMIN L. WEBSTER
BARBARA A. BLACKBURN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
BCI COCA-COLA BOTTLING COMPANY
OF LOS ANGELES (ERRONEOUSLY SUED
AS "COCA-COLA REFRESHMENTS USA,
INC.")

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118998102.1 074184.1013                8.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

# EXHIBIT A

1  MAYALL HURLEY
   A Professional Corporation
2  2453 Grand Canal Boulevard
   Stockton, California 95207
3  Telephone (209) 477-3833
   Facsimile (209) 473-4818
4  NICHOLAS J. SCARDIGLI
   CA State Bar No. 249947
5  JOHN P. BRISCOE
   CA State Bar No. 273690
6

THIS CASE HAS BEEN ASSIGNED TO
JUDGE _____ IN
DEPARTMENT ___ FOR ALL PURPOSES,
INCLUDING TRIAL

7  Attorneys for Plaintiff STANLEY REIF

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN JOAQUIN

10 STANLEY REIF,                          Case No.:          39-2013-00293917-CU-WT-STK

11        Plaintiff,                       COMPLAINT FOR DAMAGES FOR

12    v.                                   1.  AGE DISCRIMINATION
                                           2.  DISABILITY DISCRIMINATION
13 COCA-COLA REFRESHMENTS USA,             3.  FAILURE TO ENGAGE IN
   INC., a corporation; and DOES 1-100         INTERACTIVE PROCESS
14 inclusive,                              4.  FAILURE TO ACCOMMODATE
                                           5.  RETALIATION (MEDICAL LEAVE)
15        Defendants.                      6.  FAILURE TO PREVENT
                                               DISCRIMINATION AND
16                                             RETALIATION

17                                         JURY TRIAL DEMANDED

18

19        Plaintiff Stanley Reif ("Reif") brings this action against Coca-Cola Refreshments USA,

20 Inc., ("Coca-Cola") and Does 1-100, inclusive, for general, compensatory, punitive, and statutory

21 damages, injunctive relief, costs, and attorney's fees resulting from the defendants' unlawful and

22 tortious conduct, and as grounds therefore alleges:

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Complaint for Damages
Page 1 of 8

## PARTIES

1.    Reif is and was at all times relevant herein an individual and a resident of Calaveras County, California. At all times relevant herein, Reif was employed in San Joaquin County, California, and was an "employee" as defined by Gov. Code § 12926.

2.    Coca-Cola is and was at all times relevant herein a Delaware corporation qualified to do business in the State of California and an "employer" as defined by Gov. Code §§ 12926(d), 12940(a), and 12940(j)(4)(A).

3.    Coca-Cola and Does 1-100 are referred to collectively herein as Defendants.

4.    Reif is not aware of the true names and capacities of the defendants sued herein as Does 1-100, inclusive, whether individual, corporate, associate, or otherwise, and therefore sues such defendants by these fictitious names. Reif will amend this complaint to allege their true names and capacities when ascertained. Reif is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Reif's injuries and damages herein alleged were legally caused by such Defendants. Unless otherwise indicated, each defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-defendant.

## VENUE AND JURY TRIAL DEMAND

5.    Venue is proper in this Court because the unlawful acts alleged herein took place in San Joaquin County, California, and Reif's former place of employment with Coca-Cola is located within San Joaquin County, California. Reif hereby demands a jury trial.

## GENERAL ALLEGATIONS

6.    Reif, a 60-year-old male, was born on November 9, 1952.

7.    In May 1984, Coca-Cola hired Reif as a truck driver. Coca-Cola hired Reif knowing that he had experienced an epileptic seizure approximately four years prior, as Reif informed Coca-Cola of this fact during his initial job interview.

8.    After a few years working as a driver, Reif transferred to sales and became an Accounts Manager. Reif regularly received satisfactory performance reviews and was promoted several times throughout his employment with Coca-Cola and very rarely used sick days during

Complaint for Damages
Page 2 of 8

1  his nearly 28-year-long career at Coca-Cola. Throughout his employment, Reif was qualified for

2  and able to perform the essential functions of his job with reasonable accommodations.

3      9.    In early 2011, Coca-Cola implemented a new computer system and assigned Reif

4  to a new supervisor, Noel "Chris" Kardy ("Kardy"). Shortly thereafter, Reif notified his

5  supervisors – both Kardy and Mike Lozier ("Lozier"), the Area Sales Manager – of his epilepsy

6  disability and that he was having trouble with the new computer system due to his epilepsy.

7  Subsequently, Kardy wrote up Reif twice on the purported grounds of poor work performance.

8      10.    In mid-2011, Kardy placed Reif on a Performance Improvement Plan ("PIP").

9  Kardy later told Reif that Lozier ordered him to issue the PIP.

10      11.    A few weeks later, Lozier met with Reif to review his progress on the PIP. Lozier

11  stated that Reif was not doing well and had not improved much, whereupon Reif reminded

12  Lozier of his epilepsy-related problem. Lozier then stated that Reif should think about retiring.

13  Approximately one month later, Lozier told Reif, "*I'm* not ready to retire, but maybe you should

14  look in the mirror."

15      12.    On September 16, 2011, Reif experienced his first epileptic seizure in over thirty

16  years. Pursuant to his doctor's instructions, Reif took protected medical leave and what

17  ultimately amounted to a total of seven months of medical leave, calling Cola-Cola regularly

18  during the leave to report his progress and update Cola-Cola regarding his condition. During his

19  leave, Coca-Cola assured Reif that he would have his job when he returned.

20      13.    In early 2012, Reif notified Coca-Cola that he was released by his doctor to return

21  to work on April 30, 2012. Around that same time, while Reif was still on medical leave, Coca-

22  Cola drafted Reif's Year-End Review for 2011, in which one of Reif's supervisors, Shane Barcus

23  ("Barcus"), characterized Reif's performance as much worse than in his previous performance

24  reviews. Reif was not given a copy of this review.

25      14.    During the week of April 20, 2012, Barcus told Reif that he and Lozier had

26  spoken and assured Reif that he would have his job upon returning to work on April 30, 2012. A

27  few days later, but prior to April 30, 2012, Reif spoke with Barcus again; this time Barcus told

28  Reif to call Human Resources ("HR") and confirm whether his position was still open. When

1   Reif called as instructed, HR told him they would check whether Reif's position is still open.

2   However, HR never notified Reif of whether the position was still open. On approximately April

3   30, 2012, Reif again called HR, which notified him that his position had been filled and that he

4   had been replaced. Reif was replaced by Curtis Mattlock, a non-disabled male in his early 40s.

5       15.     In August 2012, Reif filed complaints against Coca-Cola with the California

6   Department of Fair Employment and Housing, and was issued right-to-sue notices those same

7   days.

8       16.     The list of misconduct by Defendants in the above allegations is a partial list only,

9   and by way of example.

10                      **FIRST CAUSE OF ACTION**
                 **VIOLATION OF GOV. CODE § 12940(a)**
11                        **(Age Discrimination)**
                          **Against Defendants**
12

13      17.     Reif hereby realleges and incorporates by reference Paragraphs 1 through 16

14  above as though fully set forth herein, except as said paragraphs are inconsistent with the

15  allegations of this cause of action.

16      18.     The Fair Employment and Housing Act ("FEHA") explicitly prohibits any

17  employer from discharging a person from employment or to discriminate against such person in

18  compensation or in terms, conditions or privileges of employment on the basis of being of an age

19  over 40. Gov. Code § 12940(a).

20      19.     Nevertheless, as set forth above, Defendants discriminated against Reif because of

21  his age.

22      20.     As a result of Defendants' conduct, Reif has suffered damages.

23      21.     Defendants' actions towards Reif were committed or ratified by Defendants,

24  and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious

25  manner in order to injure or damage Reif, thereby justifying an award of punitive damages.

26      22.     Wherefore, Reif seeks damages as set forth below.

27  ///

28  ///

Complaint for Damages
Page 4 of 8

**SECOND CAUSE OF ACTION**
**VIOLATION OF GOV. CODE § 12940(a)**
**(Disability Discrimination)**
**Against Defendants**

23. Reif hereby realleges and incorporates by reference Paragraphs 1 through 22 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

24. FEHA explicitly prohibits an employer from refusing to hire or employ a person, discharging a person from employment, or discriminating against such person in compensation or in terms, conditions or privileges of employment on the basis of a physical or mental disability. Gov. Code § 12940(a).

25. Nevertheless, as set forth above, Defendants discriminated against Reif because of his disability, perceived disability, and/or future perceived disability, in violation of Gov. Code § 12940(a).

26. As a result of Defendants' conduct, Reif has suffered damages.

27. Defendants' actions towards Reif were committed or ratified by Defendants, and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in order to injure or damage Reif, thereby justifying an award of punitive damages.

28. Wherefore, Reif seeks damages as set forth below.

**THIRD CAUSE OF ACTION**
**VIOLATION OF GOV. CODE § 12940(h)**
**(Failure to Accommodate)**
**Against Defendants**

29. Reif hereby realleges and incorporates by reference Paragraphs 1 through 28 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

30. FEHA requires an employer to "make reasonable accommodation for the known physical or mental disability of an applicant or employee." Gov. Code § 12940(m).

31. Nevertheless, as set forth above, Defendants failed to accommodate Reif's disability.

32. As a result of Defendants' conduct, Reif has suffered damages.

33. Defendants' actions towards Reif were committed or ratified by Defendants, and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in order to injure or damage Reif, thereby justifying an award of punitive damages.

34. Wherefore, Reif seeks damages as set forth below.

### FOURTH CAUSE OF ACTION
### VIOLATION OF GOV. CODE § 12940(n)
### (Failure to Engage in Interactive Process)
### Against Defendants

35. Reif hereby realleges and incorporates by reference Paragraphs 1 through 34 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

36. FEHA requires an employer "to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical disability or known medical condition." Gov. Code § 12940(n).

37. Nevertheless, as set forth above, Defendants failed to engage in the interactive process with Reif.

38. As a result of Defendants' conduct, Reif has suffered damages.

39. Defendants' actions towards Reif were committed or ratified by Defendants, and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in order to injure or damage Reif, thereby justifying an award of punitive damages.

40. Wherefore, Reif seeks damages as set forth below.

### FIFTH CAUSE OF ACTION
### VIOLATION OF GOV. CODE § 12945.2
### (Retaliation for Taking Protected Medical Leave)
### Against Defendants

41. Reif hereby realleges and incorporates by reference Paragraphs 1 through 40 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

42. The California Family Rights Act is part of FEHA and explicitly prohibits an employer or person from discharging, expelling, or otherwise discriminating against any person because the person has taken protected medical leave. Gov. Code § 12945.2.

43. Nevertheless, as set forth above, Defendants discriminated against Reif because for taking protected medical leave.

44. As a result of Defendants' conduct, Reif has suffered damages.

45. Defendants' actions towards Reif were committed or ratified by Defendants, and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in order to injure or damage Reif, thereby justifying an award of punitive damages.

46. Wherefore, Reif seeks damages as set forth below.

## SIXTH CAUSE OF ACTION
### VIOLATION OF GOV. CODE § 12940(k)
### (Failure to Prevent Discrimination and Retaliation)
### Against Defendants

47. Reif hereby realleges and incorporates by reference Paragraphs 1 through 46 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

48. FEHA requires an employer to "take all reasonable steps necessary to prevent discrimination and harassment from occurring." Gov. Code § 12940(k).

49. Nevertheless, as set forth above, Defendants failed to prevent discrimination and retaliation against Reif.

50. As a result of Defendants' conduct, Reif has suffered damages.

51. Defendants' actions towards Reif were committed or ratified by Defendants, and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in order to injure or damage Reif, thereby justifying an award of punitive damages.

52. Wherefore, Reif seeks damages as set forth below.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Reif prays judgment against Defendants as follows:

1.    For compensatory, special, and general damages, including lost wages and related benefits, medical expenses, and emotional distress in an amount according to proof, but in excess of the minimum jurisdictional limit of this Court;

2.    For punitive and/or exemplary damages;

3.    For statutory attorneys' fees and costs, including those available under Gov. Code § 12965(b) and Code of Civil Procedure § 1021.5;

4.    For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including that available under Civil Code §§ 3287 and 3289, according to proof;

5.    For injunctive and declaratory relief, including, but not limited to, an order requiring Defendants to conduct training for all employees, supervisors, and management on the requirements of FEHA, the rights and remedies of those who allege a violation of FEHA, and the employer's internal grievance procedures, for purposes of effectuating the purpose of FEHA, pursuant to Gov. Code § 12965(c)(3); and

6.    For such other and further relief as the court deems proper.

DATED: February 19, 2013                **MAYALL HURLEY P.C.**

By                                    
                              NICHOLAS J. SCARDIGLI
                              JOHN P. BRISCOE
                              Attorneys for Plaintiff
                              STANLEY REIF

EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COCA COLA REFRESHMENTS USA, INC., a corporation and DOES
1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STANLEY REIF

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN <br> 222 E. Weber Avenue, Stockton, CA 95202 | **CASE NUMBER** *(Número del Caso):* <br> 39-2013-00293917-CU-WT-STK |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NICHOLAS J. SCARDIGLI   (Bar # 249947) / JOHN P. BRISCOE (Bar # 273690)     Fax No.:
Mayall Hurley P.C. , 2453 Grand Canal Blvd, Stockton, CA 95207        Phone No.: (209) 477-3833

DATE:    FEB 1 2013        Clerk, by _____ , Deputy
*(Fecha)*                 *(Secretario)*                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* COCA COLA REFRESHMENTS USA, INC, A CORPORATION
     under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

                                                              Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California              **SUMMONS**           Code of Civil Procedure §§ 412.20, 465
                                                          www.courtinfo.ca.gov

EXHIBIT C

1    MAYALL HURLEY
     A Professional Corporation
2    2453 Grand Canal Boulevard
     Stockton, California 95207
3    Telephone (209) 477-3833
     Facsimile (209) 473-4818
4    NICHOLAS J. SCARDIGLI
     CA State Bar No. 249947
5    JOHN P. BRISCOE
     CA State Bar No. 273690
6
     Attorneys for Plaintiff STANLEY REIF
7
     BENJAMIN L. WEBSTER, Bar No. 132230
8    BARBARA A. BLACKBURN, Bar No. 253731
     LITTLER MENDELSON, P.C.
9    500 Capitol Mall, Suite 2000
     Sacramento, CA  95814
10   Telephone:   916.830.7200
     Fax No.:      916.561.0828
11
     Attorneys for Defendant
12   BCI COCA-COLA BOTTLING COMPANY OF
     LOS ANGELES (erroneously sued as
13   "COCA-COLA REFRESHMENTS USA, INC.")

14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                     COUNTY OF SAN JOAQUIN

17   STANLEY REIF,                    Case No.: 39-2013-00293917-CU-WT-STK

18        Plaintiff,                  STIPULATION AND [PROPOSED]
                                      ORDER SUBSTITUTING PROPER
19   v.                              PARTY DEFENDANT AND DISMISSING
                                      COCA-COLA REFRESHMENTS USA,
20   COCA-COLA REFRESHMENTS USA,      INC. WITH PREJUDICE
     INC., a corporation; and DOES 1-100
21   Inclusive,

22        Defendants.

23

24

25        IT IS HEREBY STIPULATED AND AGREED by the undersigned parties that BCI

26   Coca-Cola Bottling Company of Los Angeles ("BCI"), rather than Coca-Cola Refreshments

27   USA, Inc. ("CCR") is the proper corporate defendant in this action, and that BCI is hereby

28   substituted as a party defendant in the place of CCR.  BCI further stipulates and agrees that it

Stipulation and [Proposed] Order Substituting Parties
Page 1 of 2
Firmwide:119077221.1 074184.1013

1    will not tender any defense or argument that it was not Plaintiff Stanley Reif's employer or that it

2    is not the proper defendant for purposes of the claims and/or damages alleged in this action. BCI

3    further stipulates and agrees that it will not claim that Plaintiff has failed to exhaust his

4    administrative remedies as to BCI based on the fact that Plaintiff named Coca-Cola

5    Refreshments USA, Inc. in his complaint(s) filed with any administrative agencies. BCI reserves

6    all other defenses and arguments, including, but not limited to, the defense that Plaintiff failed to

7    exhaust his administrative remedies based on anything else related to his administrative

8    complaint(s).

9        The parties further stipulate and agree that CCR should be dismissed from this action

10   with prejudice, with both sides to bear their own costs. The captions of all papers filed, lodged,

11   and served in this action shall reflect this substitution of parties.

12

13   Dated: March 14, 2013                     MAYALL HURLEY P.C.

14                                    By _____

15                                        NICHOLAS J. SCARDIGLI
                                          JOHN P. BRISCOE
16                                        Attorneys for Plaintiff
17                                        STANLEY REIF

18   Dated: March 27, 2013                     LITTLER MENDELSON P.C.

19

20                                    By _____

21                                        BENJAMIN L. WEBSTER
                                          BARBARA BLACKBURN
22                                        Attorneys for Defendant
                                          BCI COCA-COLA BOTTLING
23                                        COMPANY OF LOS ANGELES
                                          (erroneously sued as "COCA-COLA
24                                        REFRESHMENTS USA, INC.")

25

26   IT IS SO ORDERED:

27   Dated: _____                           _____

28                                            Judge of the Superior Court

Stipulation and [Proposed] Order Substituting Parties
Page 2 of 2
Firmwide:119077221.1 074184.1013

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On March 27, 2013, I served the within document(s):

**STIPULATION AND [PROPOSED] ORDER SUBSTITUTING PROPER PARTY DEFENDANT AND DISMISSING COCA-COLA REFRESHMENTS USA, INC. WITH PREJUDICE**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 916.561.0828. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Sacramento, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Nicholas J. Scardigli
John P. Briscoe
MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Blvd.
Stockton, CA 95207
Attorneys for Plaintiff
STANLEY REIF

I am readily familiar with the firm's practice of collection and processing

Firmwide:118941609.1 074184.1013

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

1  correspondence for mailing and for shipping via overnight delivery service. Under that practice it

2  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

3  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

4  thereon fully prepaid in the ordinary course of business.

5         I declare under penalty of perjury under the laws of the State of California that the

6  above is true and correct. Executed on March 27, 2013, at Sacramento, California.

7

8  *Heather Magennis*

9  Heather Magennis

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

# EXHIBIT D

```
 1 │ BENJAMIN L. WEBSTER, Bar No. 132230
   │ BARBARA A. BLACKBURN, Bar No. 253731
 2 │ LITTLER MENDELSON, P.C.
   │ 500 Capitol Mall, Suite 2000
 3 │ Sacramento, CA 95814
   │ Telephone:  916.830.7200
 4 │ Fax No.:   916.561.0828
   │
 5 │ Attorneys for Defendant
   │ BCI COCA-COLA BOTTLING COMPANY OF
 6 │ LOS ANGELES (erroneously sued as "COCA-
   │ COLA REFRESHMENTS USA, INC.")
 7 │
```

FILED
2013 MAR 27 PM 2:13

RAFAELA GUTIERREZ
BY _____
DEPUTY

<table>
<tr><td>8</td><td colspan="2">SUPERIOR COURT OF CALIFORNIA</td></tr>
<tr><td>9</td><td colspan="2">COUNTY OF SAN JOAQUIN</td></tr>
<tr><td>10</td><td>STANLEY REIF,</td><td>Case No. 39-2013-00293917-CU-WT-STK</td></tr>
<tr><td>11</td><td>Plaintiff,</td><td rowspan="3"><b>ANSWER OF DEFENDANT BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES TO COMPLAINT</b></td></tr>
<tr><td>12</td><td>v.</td></tr>
<tr><td>13</td><td>COCA-COLA REFRESHMENTS USA,<br>INC., a corporation; and DOES 1-100</td></tr>
<tr><td>14</td><td>inclusive,</td><td></td></tr>
<tr><td>15</td><td>Defendants.</td><td></td></tr>
</table>

16

17         Defendant BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES

18  (erroneously sued as "COCA-COLA REFRESHMENTS USA, INC.") ("Defendant"), in response to

19  Plaintiff's unverified Complaint for Damages, hereby answers as follows pursuant to section

20  431.30(b) of the California Code of Civil Procedure:

21                              <u>GENERAL DENIAL</u>

22         Defendant denies each and every, all and singular, of the allegations contained in

23  Plaintiff's Complaint, conjunctively and disjunctively, and further denies that Plaintiff has sustained

24  any damages at all, and further generally and specifically denies that Plaintiff is entitled to any relief

25  whatsoever.

26

27

28

**Filed by fax**

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118974185.1 074184.1013

ANSWER OF DEFENDANT BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES TO COMPLAINT

## DEFENSES

Without waiving or excusing Plaintiff's burden of proof, without admitting that Defendant has any burden of proof, and without admitting any wrongdoing, Defendant asserts the following defenses:

1.    FOR AND AS A FIRST SEPARATE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each cause of action set forth therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be granted.

2.    FOR AND AS A SECOND SEPARATE DEFENSE, Defendant alleges that Plaintiff's claim for punitive damages is barred to the extent he has failed to state his claim with the requisite specificity.

3.    FOR AND AS A THIRD SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the applicable statute of limitations has expired, including but not limited to California Government Code sections 12960 and 12965 subdivision (b).

4.    FOR AND AS A FOURTH SEPARATE DEFENSE, to the extent Plaintiff seeks to recover for alleged violations of the California Fair Employment and Housing Act ("FEHA"), Gov. Code sections 12940 *et seq.*, based on alleged incidents occurring prior to one year before the filing of his administrative charges, Defendant alleges that Plaintiff is not entitled to any relief for any such incidents.

5.    FOR AND AS A FIFTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims under the FEHA are barred to the extent he failed to exhaust his administrative remedies.

6.    FOR AND AS A SIXTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent that, even if any decision concerning Plaintiff was based in part on discriminatory grounds (which Defendant denies), Defendant would have reached the same decision absent any alleged discrimination, and/or to the extent any discriminatory ground was not a substantial motivating factor in Defendant's decision.

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118974185.1 074184.1013                          2.

ANSWER OF DEFENDANT BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES TO COMPLAINT

1    7.    FOR AND AS A SEVENTH SEPARATE DEFENSE, Defendant alleges that,

2    to the extent Plaintiff seeks recovery for his alleged emotional and/or physical damages, such claims

3    and damages are preempted by his exclusive remedy pursuant to the California Workers'

4    Compensation Act, California Labor Code sections 3600 *et seq.*

5    8.    FOR AND AS AN EIGHTH SEPARATE DEFENSE, Defendant alleges that

6    Plaintiff's claims are barred to the extent that he is not a qualified person with a disability as defined

7    by relevant state law, nor was he regarded as a qualified person with a disability.

8    9.    FOR AND AS A NINTH SEPARATE DEFENSE, assuming that Plaintiff

9    was a qualified individual with a disability and/or was regarded as a qualified individual with a

10   disability, which Defendant denies, Defendant alleges that Plaintiff's claims are barred to the extent

11   he was unable to perform the essential duties of his position and/or perform those duties in a manner

12   that would not endanger his health or safety or the health or safety of others, with or without

13   reasonable accommodation.

14   10.    FOR AND AS A TENTH SEPARATE DEFENSE, assuming that Plaintiff

15   was a qualified individual with a disability and/or was regarded as a qualified individual with a

16   disability, which Defendant denies, Plaintiff's claims are barred to the extent any accommodation

17   sought by Plaintiff would impose an undue hardship on Defendant.

18   11.    FOR AND AS AN ELEVENTH SEPARATE DEFENSE, assuming that

19   Plaintiff was a qualified individual with a disability and/or was regarded as a qualified individual

20   with a disability, which Defendant denies, Defendant alleges that Plaintiff's claims are barred to the

21   extent he failed to properly and in good faith engage in the interactive process with Defendant

22   regarding any requested accommodation.

23   12.    FOR AND AS A TWELFTH SEPARATE DEFENSE, Defendant alleges that

24   Plaintiff is barred from recovery, in whole or in part, to the extent he has failed to mitigate his

25   alleged damages.

26   13.    FOR AND AS A THIRTEENTH SEPARATE DEFENSE, Defendant alleges

27   that Plaintiff's claims are barred to the extent that his damages were caused by his own intentional

28   and/or negligent acts and/or omissions.

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118974185.1 074184.1013          3.

ANSWER OF DEFENDANT BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES TO COMPLAINT

1    14.    FOR AND AS A FOURTEENTH SEPARATE DEFENSE, Defendant alleges

2    that if Plaintiff has suffered any emotional distress (which Defendant denies), Plaintiff's recovery is

3    barred to the extent that his emotional distress was proximately caused by factors other than his

4    employment and/or the actions of Defendant or anyone acting on its behalf.

5    15.    FOR AND AS A FIFTEENTH SEPARATE DEFENSE, Defendant alleges

6    that, to the extent Plaintiff suffered any emotional distress as a result of any conduct undertaken by

7    Defendant, or anyone acting on Defendant's behalf (which Defendant denies), such conduct was

8    beyond the course and scope of said agent's employment, and specifically contrary to and in

9    disregard of Defendant's interest.

10    16.    FOR AND AS A SIXTEENTH SEPARATE DEFENSE, Defendant alleges

11    that it had suitable anti-discrimination policies in effect at all times material to the allegations in

12    Plaintiff's Complaint, and that Plaintiff's claims are barred to the extent he unreasonably failed to

13    take advantage of such policies and to otherwise avoid his alleged harm.

14    17.    FOR AND AS A SEVENTEENTH SEPARATE DEFENSE, Defendant

15    alleges that Plaintiff is precluded from recovering punitive damages from Defendant, either in whole

16    or in part, under the applicable provisions of California Civil Code section 3294, or such other

17    statutes of similar effect that may be applicable.

18    18.    FOR AND AS AN EIGHTEENTH SEPARATE DEFENSE, Defendant

19    alleges that any imposition of punitive damages violates Defendant's Constitutional rights and any

20    actions it conducted, or any actions taken on its behalf, were not done with malice, oppression, or

21    fraud.

22    19.    FOR AND AS A NINETEENTH SEPARATE DEFENSE, Defendant alleges

23    that it is not vicariously liable for any act or omission of any person, by way of respondeat superior,

24    agency, or otherwise.

25    20.    FOR AND AS A TWENTIETH SEPARATE DEFENSE, Defendant alleges

26    that, assuming any employee of Defendant engaged in any unlawful conduct toward Plaintiff (which

27    Defendant denies), Defendant neither knew nor reasonably should have known of said unlawful

28    conduct.

Firmwide:118974185.1 074184.1013                    4.

ANSWER OF DEFENDANT BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES TO COMPLAINT

1    21.    FOR AND AS A TWENTY-FIRST SEPARATE DEFENSE, Defendant

2   alleges that Plaintiff's claims are barred, either in whole or in part, to the extent that the equitable

3   doctrines of laches, unclean hands, waiver, and/or estoppel apply.

4    22.    FOR AND AS A TWENTY-SECOND SEPARATE DEFENSE, Defendant

5   alleges that Plaintiff's claims are barred, either in whole or in part, to the extent he seeks equitable

6   relief because there is an adequate remedy at law.

7    23.    FOR AND AS A TWENTY-THIRD SEPARATE DEFENSE, Defendant

8   alleges that Plaintiff's claims are barred, either in whole or in part, to the extent he seeks injunctive

9   relief because Defendant has discontinued the alleged wrongful conduct, if any, and it is not likely to

10  recur.

11    24.    FOR AND AS A TWENTY-FOURTH SEPARATE DEFENSE, Defendant

12  alleges that Plaintiff's claims are barred, either in whole or in part, because its actions with respect to

13  Plaintiff's employment were taken with proper managerial discretion and/or justified by legitimate

14  and substantial business reasons and were therefore protected by the managerial privilege.

15    25.    FOR AND AS A TWENTY-FIFTH SEPARATE DEFENSE, Defendant

16  alleges that Plaintiff's claims are barred or damages should be reduced to the extent all actions taken

17  against Plaintiff would or could have been taken in any event based upon after-acquired evidence of

18  misconduct.

19    26.    FOR AND AS A TWENTY-SIXTH SEPARATE DEFENSE, Defendant

20  alleges that Plaintiff's recovery, if any, should be reduced to the extent that Plaintiff has obtained

21  income from other employment, workers' compensation, and/or other sources and that such monies

22  must be set off against any potential damages.

23    27.    FOR AND AS A TWENTY-SEVENTH SEPARATE DEFENSE, Defendant

24  Coca-Cola Refreshments USA, Inc. never employed Plaintiff and therefore cannot be liable for his

25  alleged damages.  Plaintiff's actual employer was BCI Coca-Cola Bottling Company of Los

26  Angeles.

27

28

Firmwide:118974185.1 074184.1013                 5.

ANSWER OF DEFENDANT BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES TO COMPLAINT

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant alleges that because the Complaint is couched in conclusory terms, all defenses that may be applicable cannot be fully anticipated. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is reserved. In addition, Defendant reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of new and/or additional defenses, and/or should a change in the law support the inclusion of new and/or additional defenses.

**PRAYER**

WHEREFORE, Defendant prays that:

1.     Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing by virtue of this action;

2.     Defendant be awarded attorneys' fees and costs of suit incurred herein; and

3.     For such other and further relief as the Court deems just and proper.

Dated: March 27, 2013

BENJAMIN L. WEBSTER
BARBARA A. BLACKBURN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
BCI COCA-COLA BOTTLING COMPANY
OF LOS ANGELES (erroneously sued as
"COCA-COLA REFRESHMENTS USA,
INC.")

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118974185.1 074184.1013          6.

ANSWER OF DEFENDANT BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES TO COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On March 27, 2013, I served the within document(s):

**ANSWER OF DEFENDANT BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES TO COMPLAINT**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 916.561.0828. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Sacramento, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Nicholas J. Scardigli
John P. Briscoe
MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Blvd.
Stockton, CA 95207
Attorneys for Plaintiff
STANLEY REIF

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it

TTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118941609.1 074184.1013

PROOF OF SERVICE

1  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

2  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

3  thereon fully prepaid in the ordinary course of business.

4      I declare under penalty of perjury under the laws of the State of California that the

5  above is true and correct.  Executed on March 27, 2013, at Sacramento, California.

6

7

8                                Heather Magennis

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On April 5, 2013, I served the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 916.561.0828. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Sacramento, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Nicholas J. Scardigli
John P. Briscoe
MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Blvd.
Stockton, CA 95207
Attorneys for Plaintiff
STANLEY REIF

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

1   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

2   deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

3   thereon fully prepaid in the ordinary course of business.

4          I declare under penalty of perjury under the laws of the State of California that the

5   above is true and correct.  Executed on April 5, 2013, at Sacramento, California.

6

7

8                                    Heather Magennis

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118941609.1 074184.1013

2.

PROOF OF SERVICE

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On April 5, 2013, I served the within document(s):

### NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 916.561.0828. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Sacramento, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Nicholas J. Scardigli
John P. Briscoe
MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Blvd.
Stockton, CA 95207
Attorneys for Plaintiff
STANLEY REIF

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118941609.1 074184.1013

1  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

2  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

3  thereon fully prepaid in the ordinary course of business.

4       I declare under penalty of perjury under the laws of the State of California that the

5  above is true and correct.  Executed on April 5, 2013, at Sacramento, California.

6

7

8                         Heather Magonnis

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

1    BENJAMIN L. WEBSTER, Bar No. 132230
     BARBARA A. BLACKBURN, Bar No. 253731
2    LITTLER MENDELSON, P.C.
     500 Capitol Mall, Suite 2000
3    Sacramento, CA 95814
     Telephone:    916.830.7200
4    Fax No.:      916.561.0828

5    Attorneys for Defendant
     BCI COCA-COLA BOTTLING COMPANY OF
6    LOS ANGELES (erroneously sued as "COCA-
     COLA REFRESHMENTS USA, INC.")

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SAN JOAQUIN

10   STANLEY REIF,                          Case No. 39-2013-00293917-CU-WT-STK

11              Plaintiff,                   **NOTICE TO STATE COURT OF**
                                            **REMOVAL OF CIVIL ACTION TO**
12        v.                                **FEDERAL COURT**

13   COCA-COLA REFRESHMENTS USA,            **[DIVERSITY]**
     INC., a corporation; and DOES 1-100
14   inclusive,

15              Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
   500 Capitol Mall
     Suite 2000
Sacramento, CA 95814
   916.830.7200

Firmwide:119093298.1 074184.1013

NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2          PLEASE TAKE NOTICE THAT Defendant BCI COCA-COLA BOTTLING

3    COMPANY OF LOS ANGELES (erroneously sued as "COCA-COLA REFRESHMENTS USA,

4    INC.") ("Defendant"), filed its Notice of Removal of Civil Action to Federal Court under 28 U.S.C.

5    § 1441 (Diversity) in the United States District Court for the Eastern District of California on April

6    5, 2013.  A copy of Defendant's Notice of Removal of Civil Action to Federal Court, without

7    attachments, is attached to this Notice as **Exhibit 1**.

8          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the

9    filing of Defendant's Notice of Removal of Civil Action to Federal Court with the United States

10   District Court for the Eastern District of California, together with the filing of the Notice of Removal

11   of Civil Action to Federal Court with this Court, effects the removal of this action and this Court

12   may proceed no further unless and until the case is remanded.

13

14   Dated: April 5, 2013

15

16

17   BENJAMIN L. WEBSTER
     BARBARA A. BLACKBURN
18   LITTLER MENDELSON, P.C.
     Attorneys for Defendant
19   BCI COCA-COLA BOTTLING COMPANY
     OF LOS ANGELES (erroneously sued as
20   "COCA-COLA REFRESHMENTS USA,
     INC.")

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:119093298.1 074184.1013                    2.

NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Exhibit 1

1  BENJAMIN L. WEBSTER, Bar No. 132230
   BARBARA A. BLACKBURN, Bar No. 253731
2  LITTLER MENDELSON, P.C.
   500 Capitol Mall, Suite 2000
3  Sacramento, CA  95814
   Telephone:    916.830.7200
4  Fax No.:      916.561.0828

5  Attorneys for Defendant
   BCI COCA-COLA BOTTLING COMPANY OF
6  LOS ANGELES (erroneously sued as "COCA-
   COLA REFRESHMENTS USA, INC.")

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  STANLEY REIF, | Case No. |
| 11          Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441** |
| 12          v. | |
| 13  COCA-COLA REFRESHMENTS USA, INC., a corporation; and DOES 1-100 | **[DIVERSITY]** |
| 14  inclusive, | |
| 15          Defendants. | |

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

Firmwide:118998102.1 074184.1013

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2        PLEASE TAKE NOTICE that Defendant BCI COCA-COLA BOTTLING

3  COMPANY OF LOS ANGELES (erroneously sued as "COCA-COLA REFRESHMENTS USA,

4  INC.") ("BCI" or "Defendant"), a Delaware corporation, removes to this Court the state court action

5  described herein.  Defendant removes the captioned action from the Superior Court of the State

6  California in and for the County of San Joaquin.  Removal jurisdiction is proper in this Court

7  pursuant to 28 U.S.C. § 1441(a) and (b) due to diversity of citizenship between the parties.

8        In support of the Notice of Removal of Civil Action, Defendant alleges the following:

9  **I.**<br>**JURISDICTION**

10

11       1.  This Court has original jurisdiction over this civil action under 28 U.S.C.

12  § 1332(a) and this action is one that may be removed to this Court pursuant to the provisions of

13  28 U.S.C. § 1441(b) because Plaintiff is a citizen of the State of California and BCI and Coca-Cola

14  Refreshments USA, Inc. ("CCR") are Delaware corporations with their principal places of business

15  in the State of Georgia.  The amount in controversy in this action exceeds seventy-five thousand

16  dollars ($75,000).

17       2.  On February 19, 2013, Plaintiff commenced this action by filing a Complaint

18  for Damages ("Complaint") in the Superior Court of the State of California, in and for the County of

19  San Joaquin, entitled "*STANLEY REIF v. COCA-COLA REFRESHMENTS USA, INC., and DOES 1*

20  *-100, inclusive,*" designated as Case No. 34-2013-00293917.  A true and correct copy of the

21  Complaint is attached to this Notice as **Exhibit A**.

22       3.  Plaintiff's Complaint alleges the following causes of action: (1) age

23  discrimination; (2) disability discrimination; (3) failure to engage in interactive process; (4) failure to

24  accommodate; (5) retaliation (medial leave); and (6) failure to prevent discrimination and retaliation.

25  Plaintiff's Complaint seeks the following relief: compensatory, special, and general damages

26  (including lost wages and related benefits, medical expenses, and emotional distress); punitive

27  and/or exemplary damages; attorneys' fees and costs; prejudgment and post-judgment interest; and

28  injunctive and declaratory relief.  *See* Complaint, Prayer for Relief, p. 8:1-18.

4.      Defendant was served with a copy of Plaintiff's Summons and Complaint on March 6, 2013.  A true and correct copy of the Summons served on Defendant is attached to this Notice as **Exhibit B**.

5.      The Complaint constitutes all of the pleadings served upon Defendant in this action.

6.      Prior to filing this Notice of Removal, the parties filed a stipulation to substitute Defendant BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES for Defendant COCA-COLA REFRESHMENTS USA, INC.  A true and correct copy of the parties' stipulation is attached to this Notice as **Exhibit C**.

7.      Defendant filed an Answer to Plaintiff's Complaint in the San Joaquin County Superior Court on March 27, 2013.  A true and correct copy of Defendant's Answer is attached to this Notice as **Exhibit D**.

8.      This Notice of Removal is timely as it is being filed with this Court and served within thirty (30) days after the date when Defendant was deemed served with the Summons and Complaint – on March 6, 2013 – and is less than one year after commencement of this action as required under 28 U.S.C. § 1446(b) .

9.      Venue is proper in this Court in that this is the Court for the district and division embracing the place where the action is pending in state court. *See* 28 U.S.C. § 1441(a).

## II.
## DIVERSITY OF CITIZENSHIP

10.      Complete diversity exists between the parties because:

(a)      Plaintiff alleges that he was "a resident of the Calaveras County, California . . . [a]t all times relevant herein . . . ." *See* Complaint, ¶ 1, attached as **Exhibit A**. Plaintiff, therefore, is a citizen of the State of California. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).  Plaintiff's address in his personnel documents maintained with Defendant also confirms that he lived in California during his employment with Defendant. Declaration of Kimberly Nishio ("Nishio Decl.") ¶ 3.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118998102.1 074184.1013                    3.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

1    (b)    BCI and CCR are, at the time the action was commenced in state

2   court, and still are, Delaware corporations whose principal places of business are located in Atlanta,

3   Georgia, and are therefore not citizens of the State of California.  Declaration of Gloria K. Bowden

4   ("Bowden Decl.") ¶¶ 3, 5; Complaint, ¶ 1, attached as **Exhibit A**.  BCI and CCR's headquarters are

5   located at 1 Coca-Cola Plaza in Atlanta, Georgia.  Bowden Decl. ¶¶ 3, 5.  BCI lists its Atlanta

6   headquarters as its "principal executive office" in its Statement of Information filed with the

7   California Secretary of State.  Bowden Decl. ¶ 3.  BCI's corporate officers and principal executives

8   also work from the Atlanta headquarters, including the President and Chief Executive Officer, the

9   Vice President and Chief Financial Officer, the Vice President and General Counsel, the Vice

10   President of Human Resources, the Vice President and General Tax Counsel, the Vice President and

11   Treasurer, two other Vice Presidents and three Assistant Treasurers, the Corporate Secretary, and the

12   Corporate Assistant Secretary. *Id.*

13    (c)    Most of the corporate-wide decisions relating to BCI and CCR's

14   operations are made from Atlanta.  Bowden Decl. ¶¶ 4, 5.  The types of corporate decisions made in

15   Atlanta include: decisions regarding corporate policy; decisions regarding the purchase, financing,

16   and leasing of real properties; legal decisions; significant decisions regarding contracts and other

17   purchasing; decisions regarding BCI press releases and public affairs; decisions regarding banking

18   relationships and cash management accounts; decisions regarding payroll (although the payroll

19   department for BCI is itself located in Brandon, Florida); decisions regarding revenue management;

20   decisions regarding safety and security policy-making; and policy decisions regarding advertising

21   and marketing. *Id.*

22    (d)    In *Hertz Corporation v. Friend, et al.*, 559 U.S. 77, 130 S.Ct 1181,

23   1192 (2010), the U.S. Supreme Court adopted exclusively the "nerve center" test for determining

24   corporate citizenship in diversity jurisdiction cases.  The Court determined that a corporation's

25   "principal place of business" is the "place where a corporation's officers direct, control, and

26   coordinate the corporation's activities." *Id; see also Van Noland v. Pelletier*, 2010 U.S. Dist. LEXIS

27   33554, *6-7 (E.D. Cal. April 6, 2010) (adopting the *Hertz* standard); *Lopez v. Target Corp.*, 2011

28   U.S. Dist. LEXIS 117881, * 2-3 (C.D. Cal. Oct. 12, 2011) (same).  BCI and CCR's "nerve centers"

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118998102.1 074184.1013                    4.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

1    and, thus, their principal places of business, are located in Atlanta, Georgia. *See Hertz*, 130 S. Ct. at

2    1192. Accordingly, BCI and CCR were, and still are, citizens of Delaware and Georgia. *See Id.*; *see*

3    *also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it

4    has been incorporated and of the State where it has its principal place of business").

5             (e)     Plaintiff's Complaint also names as Defendants "Does 1 through 100."

6    Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be

7    disregarded for the purpose of determining diversity jurisdiction.

8                                    **III.**
                                    **AMOUNT IN CONTROVERSY**
9

10            11.     The amount in controversy exceeds the sum of $75,000 exclusive of interest

11   and costs. Although the Complaint does not allege a specific dollar amount of damages, Defendant

12   only needs to establish by a preponderance of evidence that Plaintiff's claims exceed the

13   jurisdictional minimum. *See Valdez v. Allstate Insurance Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

14   Defendant meets its burden based on the following:

15            (a)     In his Complaint, Plaintiff is seeking, *inter alia*, economic damages,

16   non-economic damages, attorneys' fees, and punitive damages for alleged violations of the

17   California Fair Employment and Housing Act ("FEHA"). Specifically, Plaintiff is claiming age and

18   disability discrimination, failure to engage in the interactive process, failure to accommodate,

19   retaliation for taking medical leave, and failure to prevent discrimination and retaliation.

20            (b)     Plaintiff's alleged economic and non-economic damages are

21   comprised of the following: (1) lost wages and related benefits; (2) medical expenses; and (3)

22   emotional distress damages. Complaint, Prayer for Relief, p. 8:1-18. These amounts can be

23   considered when calculating the amount in controversy and would easily exceed the $75,000

24   requirement. *See Richmond v. Allstate Insurance*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (general

25   and special damages included in the amount in controversy); *see also White v. FCI United States,*

26   *Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (alleged damages for plaintiff's wrongful termination claim

27   exceeded $75,000 based on her "lengthy list of compensatory and punitive damages," including loss

28   of pay, benefits, and emotional distress). Before Plaintiff went out on his leave of absence, he was

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

Firmwide:118998102.1 074184.1013                              5.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

1    making $25.39 per hour and working full-time, or approximately $52,811 per year. Nishio Decl. ¶ 3.

2    Based on this amount, approximately one and one-half years' worth of lost wages alone exceeds the

3    jurisdictional minimum, without taking into account his claim for alleged medical expenses and

4    emotional distress damages.

5              (c)    Plaintiff also seeks to recover an unspecified amount of punitive

6    damages. Complaint, Prayer for Relief, p. 8:1-18. Punitive damages can also be considered in

7    determining the amount in controversy for claims brought under the FEHA. *See, e.g., Simmons v.*

8    *PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Although Defendant denies that it

9    should be liable for punitive damages, or any damages whatsoever in this case, for purposes of

10   assessing whether the amount in controversy is satisfied, courts can look to jury verdicts in similar

11   cases. *Id.* at 1033. Jury verdicts in various discrimination cases in California reflect that were

12   Plaintiff to prevail at trial, his damages would likely be in excess of the $75,000 threshold. *See, e.g.,*

13   *Roby v. McKesson, Corp.*, 47 Cal. 4th 686, 719-720 (2009) (jury award of $15,000,000 in punitive

14   damages in discrimination and wrongful termination case reduced to $1,905,000); *Smith v. Brown-*

15   *Forman Distillers Corp.*, 196 Cal. App. 3d 503, 516 (1987) ($250,000 award of punitive damages

16   upheld); *see also Haase v. Aerodynamics Inc.*, 2009 U.S. Dist. LEXIS 96563, *12-13 (E.D. Cal. Oct.

17   16, 2009), *citing Lopez v. Bimbo Bakeries USA, Inc.*, 2007 WL 1765192 (Cal. Super. Ct. May 22,

18   2007) (awarding over $2,000,000 in a failure to accommodate and wrongful termination case).

19             (d)    Plaintiff also seeks to recover for attorneys' fees and costs.

20   Complaint, Prayer for Relief, p. 8:1-18. For a prevailing party under the FEHA, attorneys' fees are

21   recoverable as a matter of right. *See* Cal. Govt. Code § 12965(b). Accordingly, they can be

22   considered when determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d

23   1150, 1156 (9th Cir. 1998) ("When an underlying statute authorizes an award of attorneys' fees . . .

24   such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243

25   F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys'

26   fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in

27   controversy exceeds $75,000). This amount alone can exceed the damage award and further indicate

28   that the amount in controversy exceeds the amount in controversy requirement for diversity

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118998102.1 074184.1013                    6.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

1  jurisdiction. *See Simmons*, 209 F. Supp. 2d at 1035 ("attorneys' fees in individual discrimination

2  cases often exceed the damages"); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75, 81 (2d. Cir. 1986)

3  ($550,000 in attorneys' fees awarded under FEHA); *Flannery v. Prentice*, 26 Cal. 4th 572, 576, 591

4  (2001) ($1,088,231 award of attorneys' fees under the FEHA upheld); *Akers v. County of San Diego*,

5  95 Cal. App. 4th 1441, 1445 (2002) ($249,345 in attorneys' fees awarded in wrongful termination

6  and pregnancy/gender discrimination case); *Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist.

7  LEXIS 58610, *12-13 (N.D. Cal. July 11, 2008) (denying motion for remand, stating that

8  employment discrimination claims require a great deal of preparation and effort to maintain and at

9  the plaintiff's attorneys' claimed rate of $400 an hour, fees will likely become substantial). Based

10  upon the foregoing, the amount in controversy in this matter appears to well exceed the jurisdictional

11  minimum of $75,000. Accordingly, this action is a civil action over which this Court has original

12  jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by Defendant

13  pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

**IV.**
**NOTICE OF REMOVAL IS PROCEDURALLY PROPER**

16    12.    Pursuant to 28 U.S.C. § 1441(a), venue is proper as this case may be removed

17  to the United States District Court for the Eastern District of California.

18    13.    Defendant was served on March 6, 2013. *See* **Exhibit B**. Defendant has filed

19  this notice within 30 days after receiving the pleadings from which Defendant could first determine

20  that this action was removable, and less than one year after commencement of this action. Thus,

21  removal is timely and proper pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of

22  Civil Procedure.

23    14.    In accordance with 28 U.S.C. § 1446, copies of all process and papers filed in

24  the Superior Court of the State of California for the County of San Joaquin are attached to this

25  Notice of Removal as **Exhibits A-D**.

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118998102.1 074184.1013

7.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

1
2

**V.**
**CONCLUSION AND REQUESTED RELIEF**

3   For the reasons describe above, Plaintiff's claims are properly removable under 28

4   U.S.C. § 1441(a) and (b).  Accordingly, Defendant respectfully requests that this Court proceed with

5   this matter as if it had been originally filed herein.

6   Dated: April 5, 2013

7

8                                             /s/ Benjamin L. Webster
                                              BENJAMIN L. WEBSTER
9                                             BARBARA A. BLACKBURN
                                              LITTLER MENDELSON, P.C.
10                                            Attorneys for Defendant
                                              BCI COCA-COLA BOTTLING COMPANY
11                                            OF LOS ANGELES (ERRONEOUSLY SUED
                                              AS "COCA-COLA REFRESHMENTS USA,
12                                            INC.")

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118998102.1 074184.1013                8.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On April 5, 2013, I served the within document(s):

**NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 916.561.0828. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Sacramento, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Nicholas J. Scardigli
John P. Briscoe
MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Blvd.
Stockton, CA 95207
Attorneys for Plaintiff
STANLEY REIF

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118941609.1 074184.1013

PROOF OF SERVICE

1   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

2   deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

3   thereon fully prepaid in the ordinary course of business.

4           I declare under penalty of perjury under the laws of the State of California that the

5   above is true and correct. Executed on April 5, 2013, at Sacramento, California.

6

7                                              *Heather Magennis*

8                                         Heather Magennis

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118941609.1 074184.1013                          2.

1  MAYALL HURLEY
   A Professional Corporation
2  2453 Grand Canal Boulevard
   Stockton, California 95207-8253
3  Telephone (209) 477-3833
   NICHOLAS J. SCARDIGLI
4  CA State Bar No. 249947
   JOHN P. BRISCOE
5  CA State Bar No. 273690

6  Attorneys for Plaintiff, STANLEY REIF

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11

12  STANLEY REIF,                        Case No.: 2:13-CV-00666-JAM-AC

13         Plaintiff,                    PLAINTIFF'S NOTICE OF MOTION
                                         FOR REMAND TO STATE COURT
14  v.                                   PURSUANT TO 28 USC § 1447 AND
                                         MEMORANDUM OF POINTS AND
15  COCA-COLA REFRESHMENTS USA,          AUTHORITIES
    INC., a corporation; and DOES 1-100,
16  inclusive;                           DATE:   June 19, 2013
                                         TIME:   9:30 a.m.
17         Defendants.                   JUDGE:  Hon. John A. Mendez
                                         LOCATION:  Courtroom 6, Fourteenth Floor
18

19  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20         Please take notice that on June 19, 2013 at 9:30 a.m. in Courtroom 6 of the above-entitled

21  Court, located at 501 I Street, Sacramento, CA 95814, The Honorable John A. Mendez presiding,

22  Plaintiff Stanley Reif ("Reif") will move and hereby does move, pursuant to 28 U.S.C. § 1447,

23  for an order remanding the case to the Superior Court of the State of California for the County of

24  San Joaquin.

25         This motion is based on this Notice, the Memorandum of Points and Authorities, the

26  pleadings and papers filed in this action, and upon such other documentary evidence as may be

27  submitted at the time of hearing of the motion.

28  Plaintiff's Motion for Remand to State Court and Memorandum of Points and Authorities –
    Case No.: 2:13-cv-00666-JAM-AC
    Page 1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### PROCEDURAL HISTORY

On February 19, 2013, Reif brought suit against Coca-Cola Refreshments USA ("CCR"), alleging age discrimination, disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation for taking protected medical leave, and failure to prevent discrimination and retaliation, all under the California Fair Employment and Housing Act ("FEHA").  Document 1, Exhibits A, B.  On March 14, 2013, Reif and BCI Coca-Cola Bottling Company of Los Angeles ("BCI") stipulated that BCI, being Reif's true employer and the only proper corporate defendant, would be substituted as the named defendant, and that CCR should be dismissed with prejudice.  *Id.,* Exhibit C.  On April 5, 2013, BCI removed this case to this Court.  Document 1.  That same day, the Superior Court for San Joaquin County endorsed the aforementioned stipulation and ordered CCR dismissed.  Document 5.

### II

### LAW AND ARGUMENT

**A.  This Court is of Limited Jurisdiction, and Public Policy Supports Remand**

Federal courts are courts of limited jurisdiction and can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate:  essentially, those involving diversity of citizenship or a federal question, or to which the U.S. is a party.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Finley v. United* States, 490 U.S. 545, 551-52 (1989).  In fact, federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Kokkonen, supra* at 377.  Removal statutes are construed restrictively, so as to limit removal jurisdiction, and doubts as to removability are resolved in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets* (1941) 313 U.S. 100, 108-109; *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566.  The purpose behind this strict construction is to prevent waste of judicial resources:  i.e., if it turns out there is no federal question or diversity, the federal

1    court's judgment would have to be set aside on appeal.  Jurisdictional concerns can be alleviated

2    by remanding to state courts which have general jurisdiction.  *Wenger v. Western Reserve Life*

3    *Assur. Co. of Ohio* (M.D. Tenn. 1983) 570 F.Supp. 8, 10-11; *Somlyo v. J. Lu-Rob Enterprises,*

4    *Inc.* (2nd Cir. 1991) 932 F.2d 1043, 1045-1046 (restrictive view consistent with congressional

5    intent and comity for state government).  Because there are severe doubts as the removability of

6    this case (as shown below), remand is proper.

7          As was observed in *Ghaderi v. United Airlines, Inc.* (N.D. Cal. 2001) 136 F.Supp.2d

8    1041, "[p]ublic policy favors allowing state courts to adjudicate state law claims:  The diversity

9    statute is to be strictly construed against intruding on the rights of the states to decide their own

10    controversies." *Id.* at 1043.  Public policy similarly favors "reducing the federal courts' diversity

11    caseload" in keeping with the principle that federal courts are courts of limited jurisdiction.  *Id.,*

12    see also *Landman v. Borough of Bristol* (E.D. Pa. 1995) 896 F.Supp. 406, 408 (citing *Boyer v.*

13    *Snap-On Tools Corp.* (3d. Cir. 1990) 913 F.2d 108, 111 (removal statute is "infringement on the

14    power of the states and must be strictly construed in favor of state court jurisdiction")).  In this

15    case, there is no federal question at all.  Reif's case requires interpretation and application of

16    only one California statute—the Fair Employment and Housing Act —and a California Court is

17    best able to do so.  Public policy supports remand of this case.

18    **B.  BCI Cannot Demonstrate that the Amount in Controversy Exceeds $75,000.**

19          In its Notice of Removal, through supposition and speculation, BCI insists that "the

20    amount in controversy in this matter appears to well exceed the jurisdictional minimum of

21    $75,000." Document 1, 7:9-11.  However, "[i]n cases where a plaintiff's state court complaint

22    does not specify a particular amount of damages, the removing defendant bears the burden of

23    establishing, *by a preponderance of the evidence,* that the amount in controversy exceeds

24    $75,000." *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 404.  A "mere

25    averment" that the amount in controversy exceeds the jurisdictional amount is insufficient. *Id.* at

26    567.  Neither does an allegation based on information and belief constitute proof by a

27

28    Plaintiff's Motion for Remand to State Court and Memorandum of Points and Authorities –
Case No.: 2:13-cv-00666-JAM-AC
Page 3

1  preponderance of the evidence.  See *Valdez v. Allstate Ins. Co.* (9th Cir. 2004) 372 F.3d 1115,

2  1117.  BCI, in its Notice of Removal, states no more than this.

3      BCI suggests that, as of the time of removal, that Reif could claim lost wages for the past

4  one and one-half years (approximately $79,216.80).  Document 1, 5:20-6:4.  At no point does

5  BCI explain why Reif could claim a wage loss for that period of time.  Indeed, Reif was on

6  medical leave from approximately September 16, 2011 through the end of his employment on

7  April 30, 2012.  Document 1, 12:25-13:4.  Reif plainly cannot claim lost wages for a period in

8  which he was physically unable to work for BCI.  See *Parker v. Twentieth Century–Fox Film*

9  *Corp.* (1970) 3 Cal.3d 176, 181 (prevailing plaintiffs in an employment termination case

10  generally entitled to backpay in the amount that they would have received but for the

11  termination, less sums obtained through mitigation).  Thus, by BCI's own math, Reif could not,

12  as of the date of this motion, have incurred lost wages for even one year ($52,811).

13      BCI goes on to assert that incidental damages, punitive damages (supported by citations

14  to some gargantuan awards), and an award for attorneys' fees make it "likely" that the amount in

15  controversy exceeds $75,000.  Document 1, 6:3-7:13.  Yet BCI, instead of conclusory

16  pronouncements, must *prove by a preponderance of the evidence* that the amount in controversy

17  exceeds that jurisdictional amount; arguing that it is likely so does not suffice.  Such

18  "[c]onclusory allegations as to the amount in controversy are insufficient."  *Matheson v.*

19  *Progressive Specialty Ins. Co.* (9th Cir. 2003) 319 F.3d 1089, 1090-1091 (citing *Gaus v. Miles,*

20  *Inc.* (9th Cir. 1992) 980 F.2d 564, 567); see also *Kroske v. U.S. Bank Corp.* (9th Cir. 2005);

21  *Celestino v. Renal Advantage Inc.* (N.D. Cal. 2007)*Singer v. State Farm Mut. Auto. Ins. Co.* (9th

22  Cir. 1997) 116 F.3d 373, 377.  BCI submits no more than the "mere averment" which the Ninth

23  Circuit repeatedly held insufficient to support diversity jurisdiction.

24      Rather, BCI is obliged to present "summary judgment-type" evidence to establish that the

25  actual amount in controversy exceeds $75,000.  *Kenneth Rothschild Trust v. Morgan Stanley*

26  *Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001.  This has not been done, leaving a

27  doubt—a large one—as to whether the amount in controversy exceeds the jurisdictional amount.

28  Plaintiff's Motion for Remand to State Court and Memorandum of Points and Authorities –
Case No.: 2:13-cv-00666-JAM-AC
Page 4

1   Because there is thus a doubt as to removability under diversity jurisdiction, the case should be

2   remanded to state court.

3                                                III

4                                          CONCLUSION

5          For the foregoing reasons, Reif respectfully requests that this Court grant this motion and

6   order the remand of the case to the Superior Court for Stanislaus County.

7

8   **DATED:**  April 26, 2013                          **MAYALL HURLEY P.C.**

9

                                            By:   ___/s/ John P. Briscoe_____
10                                                **NICHOLAS J. SCARDIGLI**
                                                  **JOHN P. BRISCOE**
11                                                **Attorneys for Plaintiff,**
                                                  **STANLEY REIF**
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   BENJAMIN L. WEBSTER, Bar No. 132230
    BARBARA A. BLACKBURN, Bar No. 253731
2   LITTLER MENDELSON, P.C.
    500 Capitol Mall, Suite 2000
3   Sacramento, CA 95814
    Telephone:   916.830.7200
4   Fax No.:     916.561.0828

5   Attorneys for Defendant
    BCI COCA-COLA BOTTLING COMPANY OF
6   LOS ANGELES (erroneously sued as "COCA-
    COLA REFRESHMENTS USA, INC.")

7

8                       UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10   STANLEY REIF,                   |   Case No.

11               Plaintiff,           |   **DECLARATION OF KIMBERLY NISHIO**
                                |   **IN SUPPORT OF NOTICE OF REMOVAL**
12       v.                       |   **OF CIVIL ACTION TO FEDERAL COURT**

13   COCA-COLA REFRESHMENTS USA,   |   **[DIVERSITY]**
    INC., a corporation; and DOES 1-100   |
14   inclusive,                     |

15             Defendants.       |

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:119503099.1 074184.1013

DECLARATION OF KIMBERLY NISHIO ISO NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    I, Kimberly Nishio, declare the following:

2        1.    I have personal knowledge of the facts set forth in this declaration, or I have

3    knowledge of such facts based on my review and knowledge of the business records and files of

4    Defendant BCI Coca-Cola Bottling Company of Los Angeles ("BCI"), and could testify to the same

5    if called as a witness in this matter.

6        2.    I am employed by BCI as a Human Resources Business Partner. In this role, I

7    have access to Plaintiff Stanley Reif's personnel information, including his home address, rate of

8    pay, and positions held while working for BCI. This personnel information is maintained in the

9    ordinary course and scope of business and, based on my experience, is created and maintained

10   subject to methods that have proven to be reliable, trustworthy and accurate.

11       3.    I reviewed Mr. Reif's personnel information, which indicates that he resided

12   in California throughout his employment. Mr. Reif's job title was Account Manager. Prior to going

13   out on leave, he worked full-time and his hourly wage, not including benefits, was $25.39 per hour.

14       I declare under the penalty of perjury under the laws of the United States and the

15   State of California that the foregoing is true and correct.

16       Executed this _3_ day of _April_, 2013, at San Ramon, California.

17

18

19   _____
     KIMBERLY NISHIO

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916 830 7200

Firmwide:119503099.1 074184.1013       2.

DECLARATION OF KIMBERLY NISHIO ISO NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL
COURT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On April 5, 2013, I served the within document(s):

**DECLARATION OF KIMBERLY NISHIO IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 916.561.0828. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Sacramento, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Nicholas J. Scardigli
John P. Briscoe
MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Blvd.
Stockton, CA 95207
Attorneys for Plaintiff
STANLEY REIF

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118941609.1 074184.1013

1    would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

2    deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

3    thereon fully prepaid in the ordinary course of business.

4         I declare under penalty of perjury under the laws of the State of California that the

5    above is true and correct.  Executed on April 5, 2013, at Sacramento, California.

6

7                                     _Heather Magennis_

8                                     Heather Magennis

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118941609.1 074184.1013                    2.

PROOF OF SERVICE

1   BENJAMIN L. WEBSTER, Bar No. 132230
    BARBARA A. BLACKBURN, Bar No. 253731
2   LITTLER MENDELSON, P.C.
    500 Capitol Mall, Suite 2000
3   Sacramento, CA 95814
    Telephone:   916.830.7200
4   Fax No.:     916.561.0828

5   Attorneys for Defendant
    BCI COCA-COLA BOTTLING COMPANY OF
6   LOS ANGELES (erroneously sued as "COCA-
    COLA REFRESHMENTS USA, INC.")

7

8                   UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10  STANLEY REIF,                          Case No.

11              Plaintiff,                 **DECLARATION OF GLORIA K.
                                           BOWDEN IN SUPPORT OF NOTICE OF
12        v.                               REMOVAL OF CIVIL ACTION TO
                                           FEDERAL COURT**
13  COCA-COLA REFRESHMENTS USA,
    INC., a corporation; and DOES 1-100    **[DIVERSITY]**
14  inclusive,

15              Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28
    Firmwide:118999827.1 074184.1013

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DECLARATION OF GLORIA K. BOWDEN ISO NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL
COURT

1    I, Gloria K. Bowden, declare the following:

2    1.    I am the Corporate Secretary of Defendant BCI Coca-Cola Bottling Company

3    of Los Angeles ("BCI"). I make this declaration in support of Defendant's Notice of Removal. I

4    have personal knowledge of the facts contained herein, unless otherwise stated, and, if called to

5    testify, I could and would competently testify thereto.

6    2.    I have been Corporate Secretary of BCI since October 2, 2010. I am also

7    Corporate Secretary of BCI's parent corporations, Coca-Cola Refreshments USA, Inc. ("CCR") and

8    The Coca-Cola Company. As Corporate Secretary, my current job duties include maintaining the

9    books and records of BCI and CCR and overseeing their corporate governance. I am thus familiar

10    with the operations of BCI and its parent corporation, CCR.

11    3.    BCI is incorporated in the State of Delaware. BCI has its headquarters at 1

12    Coca-Cola Plaza, Atlanta, Georgia 30313. BCI also lists its "principal executive office" on its

13    Statement of Information filed with the State of California Secretary of State as being at the same

14    address. The offices of all but one of its corporate officers are also located in Atlanta, Georgia.

15    These include the President and Chief Executive Officer, the Vice President and Chief Financial

16    Officer, the Vice President and General Counsel, the Vice President of Human Resources, the Vice

17    President and General Tax Counsel, the Vice President and Treasurer, two other Vice Presidents and

18    three Assistant Treasurers, the Corporate Secretary, and the Corporate Assistant Secretary of BCI.

19    All Directors of BCI are based in Atlanta.

20    4.    Most of the following corporate-wide decisions relating to BCI operations are

21    made from Atlanta: decisions regarding corporate policy; decisions regarding the purchase,

22    financing, and leasing of real properties; legal decisions; significant decisions regarding contracts

23    and other purchasing; decisions regarding BCI press releases and public affairs; decisions regarding

24    banking relationships and cash management accounts; decisions regarding payroll (although the

25    payroll department for BCI is located in Brandon, Florida); decisions regarding revenue

26    management; decisions regarding safety and security policy-making; and policy decisions regarding

27    advertising and marketing.

28

LITTLER MENDELSON, P.C
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118999827.1 074184.1013    2.

DECLARATION OF GLORIA K. BOWDEN ISO NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL
COURT

1       5.    CCR is also incorporated under the laws of the State of Delaware, and its

2  corporate headquarters are located in Atlanta, Georgia.  The offices are located at corporate

3  headquarters at 1 Coca-Cola Plaza, Atlanta, Georgia 30313, and it is from that location that the

4  officers direct, control, and coordinate the corporation's activities.

5       I declare under the penalty of perjury under the laws of the United States and the

6  State of California that the foregoing is true and correct.

7       Executed this 3rd day of April , 2013, at Atlanta, Georgia.

GLORIA K. BOWDEN

Firmwide:118999827.1 074184.1013

3.

DECLARATION OF GLORIA K. BOWDEN ISO NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

**PROOF OF SERVICE**

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On April 5, 2013, I served the within document(s):

    **DECLARATION OF GLORIA K. BOWDEN IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☐    by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 916.561.0828. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Sacramento, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐    Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Nicholas J. Scardigli
John P. Briscoe
MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Blvd.
Stockton, CA 95207
Attorneys for Plaintiff
STANLEY REIF

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118941609.1 074184.1013

1   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

2   deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

3   thereon fully prepaid in the ordinary course of business.

4             I declare under penalty of perjury under the laws of the State of California that the

5   above is true and correct. Executed on April 5, 2013, at Sacramento, California.

6

7

8                                 Heather Magennis

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:118941609.1 074184.1013

2.

PROOF OF SERVICE

1    BENJAMIN L. WEBSTER, Bar No. 132230
     BARBARA A. BLACKBURN, Bar No. 253731
2    LITTLER MENDELSON, P.C.
     500 Capitol Mall, Suite 2000
3    Sacramento, CA  95814
     Telephone:     916.830.7200
4    Fax No.:       916.561.0828

5    Attorneys for Defendant
     BCI COCA-COLA BOTTLING COMPANY OF
6    LOS ANGELES (erroneously sued as "COCA-
     COLA REFRESHMENTS USA, INC.")

7

8                UNITED STATES DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA

10    STANLEY REIF,               Case No.  2:13-cv-00666-JAM-AC

11           Plaintiff,      **DEFENDANT COCA-COLA**
                                  **REFRESHMENTS USA, INC.'S**
12          v.                  **OPPOSITION TO PLAINTIFF'S MOTION**
                                  **FOR REMAND TO STATE COURT**
13    COCA-COLA REFRESHMENTS USA,    **PURSUANT TO 28 USC § 1447**
     INC., a corporation; and DOES 1-100
14    inclusive,                  Date: June 19, 2013
                                  Time: 9:30 A.M.
15           Defendants.      Judge: Hon. John A. Mendez
                                  Location: Courtroom 6, Fourteenth Floor

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:120862375.1 074184.1013

DEFENDANT COCA-COLA REFRESHMENTS USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR
REMAND TO STATE COURT PURSUANT TO 28 USC § 1447

# I.
## INTRODUCTION

Plaintiff Stanley Reif ("Plaintiff") attempts to avoid the Court's proper exercise of diversity jurisdiction in this action with his Motion for Remand to State Court by arguing that: (1) this Court should decline to exercise jurisdiction over his claims for purported "public policy" reasons because they are based on state law; and (2) DEFENDANT BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES (erroneously sued as "COCA-COLA REFRESHMENTS USA, INC.")[1] ("BCI" or "Defendant") supposedly failed to establish that the amount in controversy exceeds $75,000. Neither of these arguments has merit.

Plaintiff filed this lawsuit against Defendant who, as Plaintiff admits in his Complaint, is not a California corporation. As established in Defendant's Notice of Removal to Federal Court ("Defendant's Notice"), and undisputed by Plaintiff, the parties in this case are completely diverse, and thus this Court can properly exercise jurisdiction over his state law claims if the amount in controversy exceeds $75,000.

As explained below, and established in Defendant's Notice, Plaintiff's alleged lost wages alone exceed the jurisdictional minimum. Moreover, Plaintiff is also seeking "compensatory, special, and general damages," including emotional distress and punitive damages and statutory attorneys' fees. Should Plaintiff prevail, these damages would also exceed the jurisdictional minimum based on jury verdicts in analogous cases.

While Plaintiff claims that there are "doubts" about this Court's jurisdiction, Defendant is not required to establish that Plaintiff's claims exceed the jurisdictional minimum beyond all reasonable doubts. It merely has to establish that it is "more likely than not" that Plaintiff's claims exceed the jurisdictional minimum. Because Defendant has met this standard, the Court should deny Plaintiff's Motion for Remand to State Court.

---

[1] Prior to removal, the parties filed a stipulation in state court to substitute Defendant BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES for Defendant COCA-COLA REFRESHMENTS USA, INC. The stipulation was filed in this Court on April 19, 2013. As explained in Defendant's Notice of Removal, this substitution does not impact diversity because both BCI and CCR are citizens of Delaware and Georgia, and Plaintiff is a citizen of California. (Defendant's Notice ¶ 10.)

Firmwide:120862375.1 074184.1013

2.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

## II.
## STATEMENT OF RELEVANT FACTS

Plaintiff's lawsuit arises out of his employment with Defendant, where he alleges that he suffered discrimination because of his age and disability. (*See* Plaintiff's Complaint for Damages, "Complaint," attached as Exhibit A to Defendant's Notice.) He also alleges that Defendant failed to accommodate his disability and retaliated against him for taking medical leave. *Id.* Plaintiff was hired by Defendant in 1984 and initially worked as a truck driver, but was later promoted to Accounts Manager. (Complaint ¶¶ 7, 8.) He alleges that he disclosed that he had previously had an epileptic seizure when he initially interviewed with Defendant, but was "[t]hroughout his employment . . . qualified for and able to perform the essential functions of his job with or without an accommodation." (Complaint ¶ 8.)

According to the allegations in the Complaint, in early 2011 Plaintiff was assigned a new supervisor and Defendant implemented a new computer system, which he claims was difficult to use because of his epilepsy. (Complaint ¶ 9.) He explained this to his supervisors, but was written up twice and placed on a Performance Improvement Plan for poor performance. (Complaint ¶¶ 9, 10.) He alleges that he was told that he should think about retiring, and then later took a medical leave of absence after he suffered an epileptic seizure on September 16, 2011. (Complaint ¶¶ 11, 12.) His leave lasted seven months, and he was "assured that he would have his job when he returned." (Complaint ¶ 12.) Instead, Plaintiff alleges that he was given a negative performance review and he was replaced on or about April 30, 2012 by "a non-disabled male in his early 40s." (Complaint ¶¶ 13, 14.)

On February 19, 2013, Plaintiff filed a Complaint in the Superior Court of the State of California, in and for the County of San Joaquin, alleging six causes of action against Defendant: (1) age discrimination; (2) disability discrimination; (3) failure to engage in interactive process; (4) failure to accommodate; (5) retaliation (medical leave); and (6) failure to prevent discrimination and retaliation. Despite Plaintiff's recent attempt to downplay the damages he seeks, his Complaint alleges that Defendant's actions "were committed . . . in an oppressive, fraudulent, and malicious manner in order to injure or damage him," and his Complaint prays for every kind of damages

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:120862375.1 074184.1013

3.

DEFENDANT COCA-COLA REFRESHMENTS USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT PURSUANT TO 28 USC § 1447

1    available, including: compensatory, special, and general damages (including lost wages and related

2    benefits, medical expenses, and emotional distress); punitive and/or exemplary damages; attorneys'

3    fees and costs; and prejudgment and post-judgment interest.  (Complaint ¶¶ 21, 27, 33, 39, 45, 51;

4    Prayer for Relief, p. 8:1-18.)

5            Thereafter, Defendant timely filed an Answer to the Complaint and removed this

6    action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. section 1441 (a) and

7    1441 (b) on April 5, 2013.  Defendant's Notice stated that the requirements of removal jurisdiction

8    based on diversity were met because: (1) Defendant is a citizen of Delaware and Georgia and

9    Plaintiff is a citizen of California; and (2) the amount in controversy exceeds $75,000, exclusive of

10    interests and costs.  (Defendant's Notice ¶¶ 10, 11.)

11            On April 26, 2013, Plaintiff moved for remand, claiming that "public policy" would

12    be better served in state court, and that the amount in controversy just might be less than $75,000.

13    (*See* Plaintiff's Motion for Remand to State Court, "Remand Motion.")  Plaintiff does not dispute

14    that there is complete diversity between the parties.

### III.
### LEGAL ARGUMENT

**A.    "Public Policy" Does Not Support Remand of Plaintiff's Case.**

18            While Plaintiff is correct in asserting that federal courts have limited subject matter

19    jurisdiction, they specifically have jurisdiction over claims between citizens of diverse states where

20    the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

21    Here, it is undisputed that complete diversity exists between the parties and, as explained below,

22    Defendant has established that the amount in controversy exceeds the jurisdictional minimum.

23    Therefore, "public policy" does not favor remand.

24            Plaintiff also asserts that because his claims are all based on the California Fair

25    Employment and Housing Act ("FEHA"), a California state court is "best able" to adjudicate his

26    claims.  (Remand Motion, p. 3:15-17.)  This argument has no merit, and Plaintiff does not cite to a

27    single case to support this proposition.  This Court (and other federal courts), frequently adjudicate

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:120862375.1 074184.1013

4.

DEFENDANT COCA-COLA REFRESHMENTS USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR
REMAND TO STATE COURT PURSUANT TO 28 USC § 1447

1  claims based on state law, and Plaintiff will not be prejudiced by litigating his FEHA-based claims

2  in this Court.

3  **B.    Defendant Has Established That The Amount In Controversy Exceeds $75,000.**

4  When a complaint does not allege a specific amount of damages, the party invoking

5  federal jurisdiction only needs to establish by a preponderance of the evidence that the amount in

6  controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696,

7  699 (9th Cir. 2007). The analysis begins with an examination of the complaint to determine whether

8  it is "facially apparent" that the claims exceed the jurisdictional amount. *Singer v. State Farm Mut.*

9  *Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If it is not, the court may rely on "summary

10  judgment-type" evidence. *Id.*; *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).

11  Under the preponderance of the evidence standard, a defendant must establish the

12  amount in controversy is "more likely than not" in excess of the jurisdictional amount. *Sanchez v.*

13  *Monumental Life Inc.*, 102 F.3d 398, 404 (9th Cir. 1996). Contrary to the implication in Plaintiff's

14  Remand Motion, this is not a "daunting" standard, and the defendant is not obligated to "research,

15  state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536

16  F.Supp.2d 1199, 1204 -05 (E.D. Cal. 2003) (citing *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D.

17  Ky. 1994)). In measuring the amount in controversy, a court "must assume the allegations of the

18  complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in

19  the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1000

20  (C.D. Cal. 2002).

21  Here, Plaintiff's Complaint does not allege a specific amount of damages.

22  Consequently, the preponderance of the evidence standard applies for determining whether the

23  amount in controversy is satisfied. As established in Defendant's Notice, Plaintiff was earning

24  approximately $52,811 per year while working for Defendant. (Defendant's Notice ¶ 11;

25  Declaration of Kimberly Nishio ("Nishio Decl.") ¶ 3, attached to Defendant's Notice.) This

26  information about Plaintiff's salary, which is provided by way of a witness declaration, is precisely

27  the type of "summary judgment-type" evidence that this Court can rely on to determine the amount

28  in controversy. *See e.g., Ceja-Corona v. CVS Pharm.*, 2013 U.S. Dist. LEXIS 18964 , 16-17 (E.D.

LITTLER MENDELSON, P.C.
500 Capital Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:120862375.1 074184.1013

5.

1  Cal. Feb. 12, 2013) (relying on salary information in a declaration to help satisfy the amount in

2  controversy requirement).

3        While Plaintiff argues in his motion that he was unable to work from approximately

4  "September 16, 2011 through the end of his employment on April 30, 2012," he does not present <u>any</u>

5  evidence to support this assertion. (Remand Motion, p. 4:5-7). Instead, his Complaint alleges that,

6  "<u>throughout</u> his employment," he was "qualified for and <u>able to perform</u> the essential functions of

7  his job with reasonable accommodations." (Complaint ¶ 8, emphasis added.) He further alleges and

8  is seeking damages including lost wages, due to Defendant's alleged failure to accommodate his

9  disability. (Complaint, Prayer for Relief, p. 8:1-18.) Thus, contrary to the assertion in his motion,

10  not only could he seek lost wages during this period of time, based on the allegations in his

11  Complaint, he is seeking them.

12        Plaintiff went out on leave on or about September 16, 2011. (Complaint ¶ 12.) While

13  Defendant denies any liability, Plaintiff alleges that he could have performed his job duties with an

14  accommodation during this time, but remained on leave until he was replaced by a non-disabled

15  employee on or about April 30, 2012. (Complaint ¶¶ 8, 14.) During this pre-termination period of

16  time – approximately seven and one-half months – he could have earned approximately $33,000.

17  Moreover, from the time he alleges he was terminated (April 30, 2012) to the time of removal (April

18  5, 2013) he could have earned wages for approximately eleven months. Thus, during this post-

19  termination timeframe, Plaintiff could potentially recover lost wages of approximately $48,410.

20  Therefore, based on the allegations in his Complaint, if he prevails, Plaintiff's past lost wages (for

21  just over one and one-half years of employment) up to the time of removal would be approximately

22  $81,410, which in and of itself exceeds the jurisdictional amount. (*See* Defendant's Notice ¶ 11;

23  Nishio Decl. ¶ 3.)

24        Plaintiff is also seeking emotional distress and punitive damages[2] which, if he

25  prevails, could easily surpass his claim for lost wages. When assessing the amount of unspecified

26  damages, "courts may look to verdicts in analogous cases as a reasonable approximation." *Haase v.*

27

28  ─────────────────
[2] Punitive damages are recoverable under the FEHA. Cal Gov't Code § 12940.
Firmwide:120862375.1 074184.1013

6

1  *Aerodynamics Inc.*, 2009 U.S. Dist. LEXIS 96563, *12 (E.D. Cal. Oct. 16, 2009); *see also Simmons*

2  *v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (jury verdicts in other employment cases "amply

3  demonstrate the potential for large punitive damage awards"). A review of other cases shows that

4  these types of awards can well exceed the jurisdictional minimum. *See, e.g., Roby v. McKesson,*

5  *Corp.*, 47 Cal. 4th 686, 719-20 (2009) (jury award of $15,000,000 in punitive damages in disability

6  discrimination and wrongful termination case reduced to $1,905,000); *Smith v. Brown-Forman*

7  *Distillers Corp.*, 196 Cal. App. 3d 503, 516 (1987) ($250,000 award of punitive damages upheld);

8  *Lopez v. Bimbo Bakeries USA, Inc.*, 2009 Cal. App. Unpub. LEXIS 3171, *1 (April 23, 2009)

9  ($340,700 compensatory damage award and $2,000,000 punitive damage award upheld in a failure

10 to accommodate and wrongful termination case).

11      Plaintiff also seeks to recover for attorneys' fees and costs, which are recoverable as a

12 matter of right to a prevailing party under the FEHA. *See* Cal. Govt. Code § 12965(b). As stated in

13 Defendant's Removal, this amount alone can exceed the damage award and further establishes that

14 the amount in controversy exceeds $75,000. *See Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist.

15 LEXIS 58610, *12-13 (N.D. Cal. July 11, 2008) (denying motion for remand, stating that

16 employment discrimination claims require a great deal of preparation and effort to maintain and at

17 the plaintiff's attorneys' claimed rate of $400 an hour, fees will likely become substantial); *Simmons*,

18 209 F. Supp. 2d at 1035 ("attorneys' fees in individual discrimination cases often exceed the

19 damages"); *see also Zissu v. Bear, Stearns & Co.*, 805 F.2d 75, 81 (2d. Cir. 1986) ($550,000 in

20 attorneys' fees awarded under FEHA); *Flannery v. Prentice*, 26 Cal. 4th 572, 576, 591 (2001)

21 ($1,088,231 award of attorneys' fees under the FEHA upheld); *Akers v. County of San Diego*, 95

22 Cal. App. 4th 1441, 1445 (2002) ($249,345 in attorneys' fees awarded in wrongful termination and

23 pregnancy/gender discrimination case).

24      Plaintiff also erroneously claims that Defendant did not meet its burden because it

25 stated that the damages were merely "likely" to exceed the jurisdictional minimum. (Remand

26 Motion, p. 4:14)  Not only does Defendant's Notice clearly state that a "preponderance of the

27 evidence" standard applies (Defendant's Notice ¶ 11), but this standard means "more likely than

28 not." Accordingly, Defendant's use of this term does not misstate the appropriate burden of proof.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:120862375.1 074184.1013                                                          7.

DEFENDANT COCA-COLA REFRESHMENTS USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR
REMAND TO STATE COURT PURSUANT TO 28 USC § 1447

1    Plaintiff cites to *Matheson v. Progressive Specialty Insurance Company*, 319 F.3d

2    1089, 1090-91 (9th Cir. 2003), for the notion that there must be more than "conclusory allegations"

3    to establish that the amount in controversy exceeds the jurisdictional minimum. *Matheson* is

4    distinguishable on several grounds. Initially, *Matheson* did not involve the FEHA, and an award of

5    attorneys' fees was not at issue. Moreover, unlike in this case, the complaint in *Matheson* merely

6    asserted that the plaintiff was seeking "in excess" of $30,000, and the Ninth Circuit did not have the

7    notice of removal in its record so it did not know what, if any evidence, was presented to establish

8    the jurisdictional minimum. *Id.* at 1091. Accordingly, the Ninth Circuit remanded the case back to

9    the District Court to determine if the amount in controversy requirement was met. *Id.* Here,

10   Defendant has established by a preponderance of the evidence that Plaintiff's claims well exceed the

11   jurisdictional minimum of $75,000. Accordingly, this Court has jurisdiction and Plaintiff's Remand

12   Motion should be denied.

### IV.
### CONCLUSION

14    For the reasons described above, Plaintiff's claims are properly removable under 28

15   U.S.C. section 1441 (a) and (b). Accordingly, Defendant respectfully requests that this Court deny

16   Plaintiff's Motion for Remand to State Court and proceed with this matter as if it had been originally

17   filed herein.

19   Dated: June 4, 2013

20

21

22    /s/ Benjamin L. Webster
     BENJAMIN L. WEBSTER
     BARBARA A. BLACKBURN
23   LITTLER MENDELSON, P.C.
     Attorneys for Defendant
24   BCI COCA-COLA BOTTLING COMPANY
     OF LOS ANGELES (erroneously sued as
25   "COCA-COLA REFRESHMENTS USA,
     INC.")

26

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:120862375.1 074184.1013

8.

DEFENDANT COCA-COLA REFRESHMENTS USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR
REMAND TO STATE COURT PURSUANT TO 28 USC § 1447

1  **MAYALL HURLEY**
   **A Professional Corporation**
   **2453 Grand Canal Boulevard**
2  **Stockton, California 95207-8253**
   **Telephone (209) 477-3833**
3  **NICHOLAS J. SCARDIGLI**
   **CA State Bar No. 249947**
4  **JOHN P. BRISCOE**
   **CA State Bar No. 273690**
5
6  **Attorneys for Plaintiff, STANLEY REIF**
7
8                  **UNITED STATES DISTRICT COURT**
9                  **EASTERN DISTRICT OF CALIFORNIA**
10
11
12 **STANLEY REIF,**                    Case No.: 2:13-CV-00666-JAM-AC

13         **Plaintiff,**               **PLAINTIFF'S REPLY TO DEFENDANT**
                                        **COCA-COLA REFRESHMENT USA,**
   **v.**                              **INC.'S OPPOSITION TO MOTION**
14                                      **FOR REMAND TO STATE COURT**

15 **COCA-COLA REFRESHMENTS USA,**
   **INC., a corporation; and DOES 1-100,**
16 **inclusive;**                       **DATE:   July 10, 2013**
                                        **TIME:   9:30 a.m.**
17         **Defendants.**              **JUDGE:  Hon. John A. Mendez**
                                        **LOCATION:  Courtroom 6, Fourteenth Floor**
18

19         Plaintiff Stanley Reif ("Reif"), through his counsel of record, hereby replies to Defendant

20 BCI Coca-Cola Bottling Company of Los Angeles, Inc.'s[1] ("Defendant") Opposition to the

21 Motion for Remand.

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27
_____
28 [1] Erroneously sued as Coca-Cola Refreshment USA, Inc.

Plaintiff's Reply to Defendant's Opposition to Motion for Remand to State Court – Case No.:
2:13-cv-00666-JAM-AC
Page 1

## I

## <u>REIF WAS FLATLY UNABLE TO WORK FOR OVER SEVEN MONTHS—WAGES FOR THIS PERIOD ARE NOT RECOVERABLE, AND THE JURISDICTIONAL AMOUNT IS NOT SATISFIED.</u>

As stated before, Defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 in order to keep this case in federal court. *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 404. Defendant still has not done this. Instead, it has seized upon what can be called, at best, an ambiguity in the pleadings, and asks that it be resolved resolutely in its favor. Defendant construes the Complaint as alleging that, during Reif's medical leave, he could have actually worked if reasonable accommodation for his disability was provided. Document 9, 6:12-16. Thus, wages of approximately $33,000 should be added to the amount in controversy. The reason, so it goes, is that the Complaint alleges that "throughout his employment, Reif was qualified for and able to perform the essential functions of his job with reasonable accommodations." *Id.* at 6:5-7. Thus Defendant alleges *that Reif alleges* that he is entitled to, and seeks lost wages for, this period of time.

Defendant reaches much too far, and forgets that it has the burden of proof here. *Reif doesn't allege that he could have worked instead of taking medical leave, nor does he allege that any accommodation besides medical leave was ever requested and denied.* He states, in no ambiguous terms, that he took time off work because his doctor said so, and that he was terminated before his leave concluded. Document 1, 12:15-19, 12:25-13:4. That is the denial of accommodation which began the accrual of lost wages. Because standards of summary judgment are invoked in motions such as these, and because Defendant has the burden of demonstrating that the amount in controversy exceeds $75,000, it is appropriate and just to construe this ambiguity—if it can be called one—in Reif's favor. See *Eastman Kodak Co. v. Image Tech. Svcs., Inc.* (1992) 504 U.S. 451, 456; see also *Travis v. Irby* (5th Cir. 2003) 326 F.3d 644, 649 (ambiguities or contested issues of fact, in determining whether joinder of

1  defendant was fraudulently done to avoid removal on diversity grounds, must be resolved in the

2  non-moving party's favor).  Reif was unable to work during his period of medical leave and does

3  not claim lost wages for that period of time.  Defendant has failed at proving otherwise, as is its

4  burden.

5                                                    II

6                                            **CONCLUSION**

7          For the foregoing reasons, Reif respectfully requests that this Court grant this motion and

8  order the remand of the case to the Superior Court for Stanislaus County.

9  / / /

10 **DATED:**  July 2, 2013                          **MAYALL HURLEY P.C.**

11

12                                      **By:** ___/s/ John P. Briscoe_____
                                        **NICHOLAS J. SCARDIGLI**
13                                      **JOHN P. BRISCOE**
                                        **Attorneys for Plaintiff,**
14                                      **STANLEY REIF**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MAYALL HURLEY**
**A Professional Corporation**
**2453 Grand Canal Boulevard**
2
**Stockton, California 95207-8253**
**Telephone (209) 477-3833**
3
**NICHOLAS J. SCARDIGLI**
**CA State Bar No. 249947**
4
**JOHN P. BRISCOE**
**CA State Bar No. 273690**
5

6
**Attorneys for Plaintiff, STANLEY REIF**

7

8
UNITED STATES DISTRICT COURT

9
EASTERN DISTRICT OF CALIFORNIA

10

11

12
| | |
|---|---|
| **STANLEY REIF,** | **Case No.: 2:13-CV-00666-JAM-AC** |
| **Plaintiff,** | **ORDER GRANTING PLAINTIFF'S** |
| | **MOTION FOR REMAND TO STATE** |
| **v.** | **COURT PURSUANT TO 28 USC § 1447** |

13

14

15
**COCA-COLA REFRESHMENTS USA,**
**INC., a corporation; and DOES 1-100,**
**DATE:   July 10, 2013**
16
**inclusive;**
**TIME:    9:30 a.m.**
**JUDGE:  Hon. John A. Mendez**
17
**Defendants.**
**LOCATION:  Courtroom 6, Fourteenth Floor**

18

19
On July 10, 2013, at 9:30 a.m., in Courtroom 6 of the above-titled Court, the Honorable

20
John A. Mendez presiding, hearing was held on Plaintiff Stanley Reif's motion for remand to

21
state court, pursuant to 28 USC § 1447.  John P. Briscoe appeared on behalf of the Plaintiff, and

22
Barbara Blackburn appeared on behalf of Defendant BCI Coca-Cola Bottling Company of Los

23
Angeles.

24
Having read the moving papers, the opposition, the reply, and having heard argument of

25
counsel, the Court finds that the removing Defendant has not demonstrated by a preponderance

26
of the evidence that the amount in controversy exceeds $75,000.  As such, this Court lacks

27

28

Order Granting Motion for Remand to State Court Pursuant to 28 USC § 1447 –
Case No.: 2:13-cv-00666-JAM-AC
Page 1

Case 2:13-cv-00666-JAM-AC    Document 14    Filed 07/19/13    Page 2 of 2

1    diversity jurisdiction pursuant to 28 USC § 1332, and this case is hereby remanded to the

2    Superior Court for Stanislaus County.

3         IT IS SO ORDERED.

4

5                                  _____

                                   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Motion for Remand to State Court Pursuant to 28 USC § 1447 –
Case No.: 2:13-cv-00666-JAM-AC
Page 2

1

**MAYALL HURLEY**
A Professional Corporation
2453 Grand Canal Boulevard
2   Stockton, California 95207-8253
Telephone (209) 477-3833
3   **NICHOLAS J. SCARDIGLI**
CA State Bar No. 249947
4   **JOHN P. BRISCOE**
CA State Bar No. 273690
5

6   Attorneys for Plaintiff, STANLEY REIF

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11

12   **STANLEY REIF,**                    Case No.: 2:13-CV-00666-JAM-AC

13            Plaintiff,                   **AMENDED ORDER GRANTING**
                                           **PLAINTIFF'S MOTION FOR REMAND TO**
14   v.                                    **STATE COURT PURSUANT TO 28 USC §**
                                           **1447**
15   **COCA-COLA REFRESHMENTS USA,**
     **INC., a corporation; and DOES 1-100,**
16   **inclusive;**                        **DATE:   July 10, 2013**
                                           **TIME:   9:30 a.m.**
17            Defendants.                  **JUDGE:  Hon. John A. Mendez**
                                           **LOCATION:  Courtroom 6, Fourteenth Floor**
18

19          On July 10, 2013, at 9:30 a.m., in Courtroom 6 of the above-titled Court, the Honorable

20   John A. Mendez presiding, hearing was held on Plaintiff Stanley Reif's motion for remand to

21   state court, pursuant to 28 USC § 1447.  John P. Briscoe appeared on behalf of the Plaintiff, and

22   Barbara Blackburn appeared on behalf of Defendant BCI Coca-Cola Bottling Company of Los

23   Angeles.

24          Having read the moving papers, the opposition, the reply, and having heard argument of

25   counsel, the Court finds that the removing Defendant has not demonstrated by a preponderance

26   of the evidence that the amount in controversy exceeds $75,000.  As such, this Court lacks

27

28

1    diversity jurisdiction pursuant to 28 USC § 1332, and this case is hereby remanded to the

2    Superior Court for San Joaquin County.

3        IT IS SO ORDERED.

4        DATED:  7/30/2013

5                                         /s/ John A. Mendez
                                         United States District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28