BENJAMIN L. WEBSTER, Bar No. 132230
BARBARA A. BLACKBURN, Bar No. 253731
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
Telephone: 916.830.7200
Fax No.: 916.561.0828

Attorneys for Defendant
BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES (erroneously sued as "COCA-COLA REFRESHMENTS USA, INC.")

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY REIF,<br><br>Plaintiff,<br><br>v.<br><br>COCA-COLA REFRESHMENTS USA, INC., a corporation; and DOES 1-100 inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF BARBARA BLACKBURN IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[DIVERSITY]** |

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:123848667.1 074184.1013

DECL OF BARBARA BLACKBURN ISO NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

I, Barbara Blackburn, declare the following:

1. I am an attorney licensed to practice law before all courts in the State of California, and I am employed as an associate in the Sacramento office of Littler Mendelson, P.C., attorneys of record for Defendant BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES (erroneously sued as "COCA-COLA REFRESHMENTS USA, INC.") ("Defendant"). Based on my personal knowledge and my review of relevant records and documents in this matter maintained in the course of our firm's regular business practices, I could and would testify to the matters set forth herein if called upon to do so in any court of law.

2. On August 2, 2013, Defendant served its Form Interrogatories – General, Set One, seeking information related to Plaintiff's allegations and damages in this case. A true and correct copy of Plaintiff's responses to these interrogatory requests is attached hereto as **Exhibit G**.

3. According to Plaintiff's proof of service and verification page, Plaintiff's Responses to Defendant's Form Interrogatories – General, Set One were verified and served via regular mail on September 30, 2013. My office received these responses in its mailroom on October 1, 2013.

I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 31ST day of October, 2013, at Sacramento, California.

_____
BARBARA BLACKBURN

# EXHIBIT G

OCT 0 1 2013

1  MAYALL HURLEY
   A Professional Corporation
2  2453 Grand Canal Boulevard
   Stockton, California 95207
3  Telephone (209) 477-3833
   Facsimile (209) 473-4818
4  NICHOLAS J. SCARDIGLI
   CA State Bar No. 249947
5  JOHN P. BRISCOE
   CA State Bar No. 273690
6
7  Attorneys for Plaintiff STANLEY REIF

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                     COUNTY OF SAN JOAQUIN

10 | STANLEY REIF,                          | Case No.: 39-2013-00293917-CU-WT-STK
11 |     Plaintiff,                         | PLAINTIFF'S RESPONSES TO
12 | v.                                     | DEFENDANT BCI COCA-COLA
                                            | BOTTLING COMPANY OF LOS
13 |                                        | ANGELES'S FORM
   | COCA-COLA REFRESHMENTS USA,            | INTERROGATORIES - GENERAL, SET
14 | INC., a corporation; and DOES 1-100    | ONE
15 | inclusive,
16 |     Defendants.

19 PROPOUNDING PARTY:   Defendant BCI Coca-Cola Bottling Company of Los Angeles
20 RESPONDING PARTY:    Plaintiff Stanley Reif
21 SET NUMBER:          One
22
23     Pursuant to Code of Civil Procedure section 2030.210 *et seq.*, Plaintiff Stanley Reif
24 ("Plaintiff") provides the following responses to Form Interrogatories–General, Set One,
25 propounded by Defendant BCI Coca-Cola Bottling Company of Los Angeles
26 ("Defendant") in the above-captioned matter.
27 ///
28 ///

Plaintiff's Responses to Form Interrogatories-General, Set One
Page 1 of 11

## RESPONSES

**Form Interrogatory 1.1:**

State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**Response to Form Interrogatory 1.1:**

John P. Briscoe, Attorney
Anita Gorham, Paralegal
Mayall Hurley P.C.
2453 Grand Canal Blvd.
Stockton, California 95207
(209) 477-3833

**Form Interrogatory 2.1:**

(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

**Response to Form Interrogatory 2.1:**

(a) Stanley Wayne Reif;
(b) Stan Reif;
(c) 1952 to the present.

**Form Interrogatory 2.2:**

State the date and place of your birth.

**Response to Form Interrogatory 2.2:**

November 9, 1952, Stockton, California.

**Form Interrogatory 2.3:**

At the time of the INCIDENT, did you have a driver's license? If so state;
(a) the state or other issuing entity;
(b) the license number and type:
(c) the date of issuance; and
(d) all restrictions.

**Response to Form Interrogatory 2.3:**

(a) California;
(b) A0571941; Class C;
(c) November 11, 1999;
(d) None.

Plaintiff's Responses to Form Interrogatories-General, Set One
Page 2 of 11

...

**Form Interrogatory 2.4:**

At the time of the INCIDENT, did you have any other permit or license for the operation of a motor vehicle? If so, state;
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

**Response to Form Interrogatory 2.4:**

No.

**Form Interrogatory 2.5:**

State:
(a) your present residence ADDRESS;
(b) your residence ADDRESSES for the past five years; and
(c) the dates you lived at each ADDRESS.

**Response to Form Interrogatory 2.5:**

(a)   3653 Mountain Ranch Road, San Andreas, CA  95249
(b)   Same as above;
(c)   1980's to the present.

**Form Interrogatory 2.6:**

State:
(a) the name, ADDRESS, and telephone number of your present employer or place of self-employment; and
(b) the name, ADDRESS, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the INCIDENT until today.

**Response to Form Interrogatory 2.6:**

(a)   Plaintiff remains unemployed;
(b)   Plaintiff was employed by Carnation Milk Company (1974-1981) and Formosa Distribution (1981-1984).

**Form Interrogatory 2.7:**

State:
(a) the name and ADDRESS of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

**Response to Form Interrogatory 2.7:**

(a) Calaveras High School, San Andreas California;
(b) 1968-1971;
(c) 12th;
(d) High School Diploma.
(a) San Joaquin Delta College, Stockton, California;
(b) 1972;
(c) N/A;
(d) N/A.

**Form Interrogatory 2.8:**

Have you ever been convicted of a felony? If so, for each conviction state;
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

**Response to Form Interrogatory 2.8:**

No.

**Form Interrogatory 4.1**

At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state:
(a) the kind of coverage:
(b) the name and ADDRESS of the insurance company:
(c) the name, ADDRESS, and telephone number of each named insured:
(d) the policy number:
(e) the limits of coverage for each type of coverage contained in the policy:
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company: and
(g) the name, ADDRESS, and telephone number of the custodian of the policy

**Response to Form Interrogatory 4.1:**

Plaintiff objects that this interrogatory is vague and ambiguous as propounded to a plaintiff in an employment case.

**Form Interrogatory 4.2**

Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

**Response to Form Interrogatory 4.2:**

Plaintiff objects that this interrogatory is vague and ambiguous as propounded to a plaintiff in an employment case.

**Form Interrogatory 6.1**

Do you attribute any physical, mental, or emotional injuries to the INCIDENT? (If your answer is "no," do not answer interrogatories 6.2 through 6.7).

**Response to Form Interrogatory 6.1**

Yes.

**Form Interrogatory 6.2**

Identify each injury you attribute to the INCIDENT and the area of your body affected.

**Response to Form Interrogatory 6.2**

Increased stress.

**Form Interrogatory 6.3**

Do you still have any complaints that you attribute to the INCIDENT? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

**Response to Form Interrogatory 6.3**

(a) Increased stress;
(b) Becoming worse;
(c) Daily.

**Form Interrogatory 6.4**

Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure section 2034) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the INCIDENT? If so, for each HEALTH CARE PROVIDER state:
(a) the name, ADDRESS, and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

**Response to Form Interrogatory 6.4**

No.

**Form Interrogatory 6.5**

Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the INCIDENT? If so, for each medication state:
(a) the name;
(b) the PERSON who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

**Response to Form Interrogatory 6.5**

No.

**Form Interrogatory 6.6**

Are there any other medical services necessitated by the injuries that you attribute to the INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, ADDRESS, and telephone number of each provider.

**Response to Form Interrogatory 6.6**

No.

**Form Interrogatory 6.7**

Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the INCIDENT? If so, for each injury state:
(a) the name and ADDRESS of each HEALTH CARE PROVIDER;
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

**Response to Form Interrogatory 6.6**

No.

**Form Interrogatory 8.1**

Do you attribute any loss of income or earning capacity to the INCIDENT? (If your answer is "no," do not answer interrogatories 8.2 through 8. 8).

**Response to Form Interrogatory 8.1**

Yes.

///

///

**Form Interrogatory 8.2**

State:
(a) the nature of your work;
(b) your job title at the time of the INCIDENT; and
(c) the date your employment began.

### Response to Form Interrogatory 8.2

Plaintiff objects that this interrogatory is vague and ambiguous as to time. Without waiving said objection, and with regard to his prior employment with Defendant, Plaintiff responds:

(a)   Sales;
(b)   Account Manager;
(c)   May 14, 1984.

**Form Interrogatory 8.3**

State the last date before the INCIDENT that you worked for compensation

### Response to Form Interrogatory 8.3

September 15, 2011.

**Form Interrogatory 8.4**

State your monthly income at the time of the INCIDENT and how the amount was calculated.

### Response to Form Interrogatory 8.4

Approximately $6,051.49 ($4,400.93 regular time per month + $1,650.56 overtime per month).

**Form Interrogatory 8.5**

State the date you returned to work at each place of employment following the INCIDENT.

### Response to Form Interrogatory 8.5

Plaintiff remains unemployed.

**Form Interrogatory 8.6**

State the dates you did not work and for which you lost income as a result of the INCIDENT.

### Response to Form Interrogatory 8.6

September 15, 2011 to the present.

**Form Interrogatory 8.7**

State the total income you have lost to date as a result of the INCIDENT and how the amount was calculated.

### Response to Form Interrogatory 8.7

Approximately $102,875.33 ($6,051.49 x 17 months: April 2012 – September 2013).

**Form Interrogatory 8.8**

Will you lose income in the future as a result of the INCIDENT? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

### Response to Form Interrogatory 8.7

Yes. Plaintiff will continue to lose approximately $6,051.49 per month until he secures new employment. Plaintiff cannot estimate how long he will continue to be unemployed.

**Form Interrogatory 9.1**

Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

### Response to Form Interrogatory 9.1

Punitive damages, in an amount to be determined at trial.

**Form Interrogatory 9.2**

Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

### Response to Form Interrogatory 9.2

Not applicable.

**Form Interrogatory 10.1**

At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom

you consulted or who examined or treated you.

**Response to Form Interrogatory 10.1:**

No.

**Form Interrogatory 10.2**

List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. (You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)

**Response to Form Interrogatory 10.2**

Epilepsy.

**Form Interrogatory 10.3**

At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, ADDRESS-, and telephone number of any other PERSON involved;
(c) the nature of any injuries you sustained;
(d) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

**Responses to Form Interrogatory 10.3**

No.

**Form Interrogatory 11.2:**

In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the INCIDENT giving rise to the claim;
(b) the name, ADDRESS, and telephone number of your employer at the time of the injury;
(c) the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

**Response to Form Interrogatory 11.2:**

No.

Plaintiff's Responses to Form Interrogatories-General, Set One
Page 9 of 11

**Form Interrogatory 12.1:**

State the name, ADDRESS, and telephone number of each individual:
(a) who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;
(b) who made any statement at the scene of the INCIDENT;
(c) who heard any statements made about the INCIDENT by any individual at the scene; and
(d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

**Response to Form Interrogatory 12.1:**

(a) Plaintiff, Defendant, Coca-Cola employees: Noel "Chris" Kardy, Shane Barcus, Mike Lozier, Mary Albreit, Gil Matta, Barbara (last name unknown), Miles (last name unknown), Michelle (human resources, last name unknown), Jose (last name unknown), Greg (last name unknown), Plaintiff's medical providers at Sutter Gould Medical Center (2505 W. Hammer Lane, Stockton, CA 95209, 209-955-3000);
(b) Plaintiff, Defendant, Michelle (human resources, last name unknown),
(c) Plaintiff, Defendant, Michelle (human resources, last name unknown),
(d) Plaintiff, Defendant, Coca-Cola employees: Noel "Chris" Kardy, Shane Barcus, Mike Lozier, Mary Albreit, Gil Matta, Barbara (last name unknown), Miles (last name unknown), Michelle (human resources, last name unknown), Jose (last name unknown), Greg (last name unknown), Plaintiff's medical providers at Sutter Gould Medical Center (2505 W. Hammer Lane, Stockton, CA 95209, 209-955-3000).

**Form Interrogatory 12.2:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:
(a) the name, ADDRESS, and telephone individual interviewed;
(b) the date of the interview; and
(c) the name, ADDRESS, and telephone PERSON who conducted the interview.

**Response to Form Interrogatory 12.2:**

No.

**Form Interrogatory 12.3:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:
(a) the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;
(b) the name, ADDRESS, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

**Response to Form Interrogatory 12.3:**

No.

**Form Interrogatory 12.4:**

Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any photographs, films, or videotapes depicting any place, object, or individual concerning the INCIDENT or plaintiff's injuries? If so, state:
(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, ADDRESS, and telephone number of the individual taking the photographs, films, or videotapes; and
(e) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the photographs, films, or videotapes.

**Response to Form Interrogatory 12.4:**

No.

DATED: September 30, 2013                    MAYALL HURLEY P.C.

By_____/s/ John P. Briscoe_____
NICHOLAS J. SCARDIGLI
JOHN P. BRISCOE
Attorneys for Plaintiff
STANLEY REIF

## VERIFICATION

I, STANLEY REIF, declare that:

I am the Plaintiff in the above-entitled action; I have read the foregoing Responses to Form Interrogatories – General, Set One, and know the contents thereof; the same is true of my own knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed on 9/30/13, in San Andreas, CA.

_____

**PROOF OF SERVICE**

<u>Reif v. Coca-Cola Refreshments USA, Inc., et al.</u>
San Joaquin County Superior Court Case No.: 39-2013-00293917-CU-WY-STK

I am a citizen of the United States. My business address is 2453 Grand Canal Boulevard, Second Floor, Stockton, California 95207. I am employed in the County of San Joaquin. I am over the age of 18 years and not a party to the within cause. On the date set forth below, I served the document(s) described as follows on the following person(s) in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

<u>**DOCUMENT(S) SERVED:**</u>

**PLAINTIFF'S RESPONSES TO DEFENDANT BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES'S FORM INTERROGATORIES - GENERAL, SET ONE**

<u>**NAME(S) AND ADDRESS(ES) OF PERSON(S) SERVED**</u>:

Barbara Blackburn
Littler Mendelson
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
(916) 561-0828
bblackburn@littler.com

[ ] *BY FACSIMILE* Facsimile to the Facsimile telephone number(s) and at the time(s) indicated above, on the date of execution of this document, as set forth above.

[x] *BY MAIL.* I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Stockton, CA. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope(s) and placed it/them for collection and mailing on the date of execution of this document, as set forth below, following ordinary business practices.

[ ] *BY EXPRESS MAIL; Overnight Delivery.* I caused a true copy thereof to be delivered by depositing for collection on this same date, a sealed envelope addressed to the person(s) at the address(es) set forth above, into a depository box of *CALIFORNIA OVERNIGHT SERVICE* at Stockton, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Served and executed at Stockton, California on September 30, 2013.

*/s/ Shannon Beckler*
SHANNON BECKLER